337 S.E.2d 310

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Jerry Lee BALL, Defendant Below, Appellant.**

**No. 16594.**

Supreme Court of Appeals of West Virginia.

Nov. 21, 1985.

Lee H. Adler, Beckley, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

MILLER, Chief Justice:

This is an appeal from an order of the Circuit Court of Marion County sentencing the appellant to the West Virginia State Penitentiary. The appellant contends that under his plea agreement he was entitled to be incarcerated at the Anthony Center for Youthful Male Offenders.

The appellant was sixteen years of age in January, 1983, when he committed multiple homicides. After extensive psychiatric examinations, he pleaded guilty pursuant to a plea agreement. Prior to the acceptance of the guilty plea, the appellant's counsel and the prosecuting attorney discussed aspects of the plea agreement, one of which involved paragraph three relating to disposition at the Anthony Center for Youthful Male Offenders.[1] The court agreed at this

---

1. Paragraph three of the plea agreement is:

   "3. It is further agreed by these parties that there are several sentencing alternatives in this matter available to this Court, or its successor, Court and which are left up to the Court, after the defendant shall reach the age of eighteen (18). Both parties agree that it is appropriate for this court, or its successor, to retain continuing jurisdiction of this case after the defendant reaches the age of eighteen (18). It is the posi-

tion of the parties that the State's interests and security, with regard to this defendant, and citizens of this State as well as the concern that both parties have in seeing that this defendant be rehabilitated, if possible, shall all be part of the ultimate position adopted by the parties with regard to disposition in this case. Both parties believe it to be appropriate, at age eighteen (18), for the Defendant to b[e] incarcerated at the Anthony Center in Neola, West Virginia,

hearing that the appellant would be eligible for disposition to the Anthony Center.[2]

The court, after accepting the plea agreement, proceeded to effectuate some preliminary matters and then held a sentencing hearing. It was at this sentencing hearing that the court imposed four concurrent life sentences with mercy and directed that the appellant be confined to the West Virginia Penitentiary at Moundsville.

The appellant does not contest the sentences imposed, but only the failure to follow the plea agreement and permit him to initially serve at the Anthony Center.

The court felt it was foreclosed by W.Va. Code, 25–4–6, from sending the appellant to the Anthony Center because he had been sentenced to life imprisonment.[3]

The appellant argues, however, that the lower court failed to give effect to the proviso in W.Va. Code, 49–5–13(e) (1978), which was enacted after W.Va. Code, 25–4–6, and provides:

*"Notwithstanding any other provision of this Code to the contrary,* in the event a child charged with delinquency under this chapter is transferred to adult jurisdiction and there tried and convicted, the court may nevertheless, in lieu of sentencing such person as an adult, make its disposition in accordance with this section." (Emphasis added).

In *State v. Highland,* 174 W.Va. 525, 327 S.E.2d 703 (1985), we recognized that the entire tenor of W.Va. Code, 49–5–13, is to provide substantial flexibility for sentencing of persons who committed offenses when they were juveniles.

The statement "[n]otwithstanding any other provision of this Code" in W.Va. Code 49–5–13(e) is extremely broad. Furthermore, this provision ties back into the preceding subsections of the statute, W.Va. Code, 49–5–13, one of which is subsection (b)(5), which enables a judge to:

"[C]ommit the child to an industrial home or correctional institution for children. Commitment shall not exceed the maximum term for which an adult could have been sentenced for the same offense, with discretion as to discharge to rest with the director of the institution, who may release the child and return him to the court for further disposition."

It is apparent that under W.Va. Code, 49–5–13(e), a judge, who is sentencing someone who has been transferred from juvenile to adult jurisdiction can impose the adult sentence for the crime and transfer that individual under W.Va. Code, 49–5–13(b)(5), to a "correctional institution for children." The Anthony Center is such a correctional center for children.

This commitment is not made under W.Va. Code, 25–4–6, but under the provisions of W.Va. Code, 49–5–13(b)(5). Even if the provisions of W.Va. Code, 25–4–6, were deemed to be applicable,[4] we believe

---

or a similar secure institution, wherever situate."

**2.** The relevant portion of the record is as follows:

"[MR. ADLER:] There is actually one (1) other statutory matter—please excuse me for not being able to cite the statute that I'm going to contrast this thing to. We have talked informally off the record in conferences—administrative conferences with this Court concerning the fact that 49–5–16(b) actually may have a separate jurisdictional power to it with regard to who can—who cannot go to the Anthony Center. My understanding is by the Court that the Court—if the Court believes it's appropriate to ratify this Agreement, that at least as a matter of law the Court is accepting the argument of defense counsel under the 49–5–16(b) Statute that the defendant, Jerry Ball, would be eligible legally for disposition to the Anthony Center. Is that correct, sir?

"THE COURT: Yes.

"[MR. ADLER:] Okay. Thank you very much."

**3.** W.Va.Code, 25–4–6, in pertinent part, provides:

"The judge of any court with original criminal jurisdiction may suspend the imposition of sentence of any male youth convicted of or pleading guilty to a criminal offense, other than an offense punishable by life imprisonment, who has attained his sixteenth birthday but has not reached his twenty-first birthday at the time of the commission of the crime, and commit him to the custody of the West Virginia commissioner of public institutions to be assigned to a center."

**4.** The appellant does not argue that the age restriction of W.Va.Code, 25–4–6, is inapplicable to a commitment made under W.Va.Code, 49–5–13(b)(5).

that the phrase "other than an offense punishable by life imprisonment" is not applicable to commitments made under W.Va. Code, 49–5–13(b)(5). There is nothing in this latter subsection that limits the judge's ability to impose the adult sentence and direct that it be served at a children's correctional center.

■ Furthermore, this "life imprisonment" inconsistency between W.Va.Code, 25–4–6, and W.Va.Code, 49–5–13(b)(5), must be resolved in favor of the latter section because it is the most recent enactment, having been adopted in 1977.[5] As we stated in *State ex rel. Pinson v. Varney*, 142 W.Va. 105, 109, 96 S.E.2d 72, 74 (1956), "If the several statutory provisions cannot be harmonized, controlling effect must be given to the last enactment of the Legislature."

■ We conclude that the court did have authority under W.Va.Code, 49–5–13(e), and W.Va.Code, 49–5–13(b)(5), to sentence a person who commits a homicide while a juvenile to the Anthony Center for Youthful Male Offenders even though he is sentenced as an adult.

We, therefore, conclude that the court did have authority under W.Va.Code, 49–5–13(b)(5), to place the appellant at the Anthony Center. As a consequence, we conclude that the sentence of the Circuit Court of Marion County was erroneous and that this case is remanded with directions that appellant be sentenced to the Anthony Center under the terms of the plea agreement.

Reversed and Remanded, With Directions.

---

**5.** *See* 1977 W.Va.Acts, Ch. 65. The language of W.Va.Code, 49–5–13(e), was first adopted in the 1978 W.Va.Acts, Ch. 14. The language involved in W.Va.Code, 25–4–6, has been in the statute since it was first adopted in 1955. *See* 1955 W.Va.Acts, Ch. 16.