356 S.E.2d 477

**STATE of West Virginia**

v.

**Buddy PETTREY.**

No. 16967.

Supreme Court of Appeals of West Virginia.

April 14, 1987.

---

**724**

Mary Rich Maloy, Asst. Atty. Gen., for appellant.

Basil R. Legg, Jr., Princeton, for appellee.

PER CURIAM:

This is an appeal by the appellant, Buddy Pettrey, from a final order of the Circuit Court of Mercer County, entered June 24, 1985, which sentenced him to a term of imprisonment in the state penitentiary. The appellant contends that the lower court was without authority to order him transferred from a secure juvenile facility to an adult penal institution. We find that the issue has become moot, and we dismiss the appeal.

At the age of sixteen, the appellant was involved in the shotgun killing of an elderly Mercer County woman.[1] He was transferred from juvenile jurisdiction to the adult jurisdiction of the Circuit Court of Mercer County pursuant to W.Va. Code § 49–5–10 (1986 Replacement Vol.).

The appellant subsequently pled guilty to murder of the second degree, and, by order dated September 20, 1983, he was sentenced to imprisonment in the penitentiary for a term of not less than five nor more than eighteen years. In view of the appellant's age, however, the circuit court suspended execution of the sentence and com-

mitted the appellant to the custody of the Commissioner of Corrections at the Industrial Home for Youth at Salem, a secure juvenile facility, "until such time as he attains the age of eighteen (18) years at which time he is to be returned to the jurisdiction of this Court for further disposition as provided in accordance with West Virginia Code 49–5–16(b)."[2]

By letter dated May 2, 1985, the Superintendent of the Industrial Home for Youth advised the court that the appellant would reach age eighteen on July 23, 1985 and that under W.Va. Code § 49–5–16(b), the appellant "must be returned to court for a dispositional hearing on or before his birthdate." In anticipation of this hearing, the staff of the facility prepared a discharge report which, although generally favorable to the appellant, indicated that he still had certain behavioral problems and had been involved in a number of serious infractions of the facility's rules. The report, signed by the Superintendent and the Commissioner of Corrections, concluded that the appellant needed time to adapt to the possibility of re-entry into the community and recommended that the appellant be transferred to the Anthony Center for Youthful Male Offenders for a period of two years during which time he could be observed and could benefit from that facility's vocational education and job placement program.

A dispositional hearing was conducted before the circuit court on June 17, 1985. After considering all the evidence, including the discharge report, the court found that the appellant had not been rehabilitated since his conviction and reimposed the original sentence of imprisonment in the penitentiary. Upon motion of counsel for

1. The record before this Court indicates that the appellant may not have been the principal actor in the homicide.

2. W.Va.Code § 49–5–16(b) (1986 Replacement Vol.) provides:

No child who has been convicted of an offense under the adult jurisdiction of the circuit court shall be held in custody in a penitentiary of this State: Provided, That such child may be transferred from a secure juvenile facility to a penitentiary after he shall attain the age of eighteen years if, in the judgment of the commissioner of the depart-

ment of corrections and the court which committed such child, such transfer is appropriate: Provided, however, That any other provision of this Code to the contrary notwithstanding, prior to such transfer the child shall be returned to the sentencing court for the purpose of reconsideration and modification of the imposed sentence, which shall be based upon a review of all records and relevant information relating to the child's rehabilitation since his conviction under the adult jurisdiction of the court.

the appellant, the circuit judge indicated his willingness to assign the appellant to the Anthony Center in conformity with the recommendation of the Commissioner of Corrections, but expressed doubt as to his statutory authority to do so. Accordingly, the court took the motion under advisement and, upon being advised of the appellant's intent to appeal the court's ruling, ordered the appellant remanded to the Industrial Home for Youth pending a ruling on the motion or this Court's final ruling on the appellant's appeal. The lower court's findings and conclusions were incorporated into a final order entered June 24, 1985.

■ On November 20, 1985, the appellant petitioned this Court for an appeal from the circuit court's ruling. The following day, we released our decision in *State v. Ball*, 175 W.Va. 652, 337 S.E.2d 310 (1985), in which we held that circuit courts "have authority under W.Va.Code, 49–5–13(e), and W.Va.Code, 49–5–13(b)(5), to sentence a person who commits a homicide while a juvenile to the Anthony Center for Youthful Male Offenders even though he is sentenced as an adult." 175 W.Va. at 654, 337 S.E.2d at 312. In reliance upon this authority, and "in the interest of the continued rehabilitation of the defendant," the circuit court, by order entered December 4, 1985, modified its previous sentencing order and ordered the appellant transferred as an adult to the Anthony Center for a period of one year, at the end of which the sentence was to be reviewed to determine the appropriate disposition to be accorded the appellant. The same day this order was entered, this Court voted to docket the appellant's appeal.[3]

■ The appellant's principal contention in this appeal is that the circuit court was without authority to order him trans-

---

3. Due to the pendency of this appeal, the circuit court did not review the appellant's sentence at the end of the one-year period, but, instead, allowed the appellant to remain at the Anthony Center pending our decision.

4. In Syllabus point 2 of *State v. Highland, supra,* we stated:
Under West Virginia Code § 49–5–16(b) (Supp.1984), the legislature has provided that

ferred to the state penitentiary under our decision in *State v. Highland,* 174 W.Va. 525, 327 S.E.2d 703 (1985).[4] However, in view of the developments in this case following the filing of the appellant's petition for appeal, it is evident that this contention is now moot. " 'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court.' Syllabus Point 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908)." Syllabus point 1, *State ex rel. Durkin v. Neely,* 166 W.Va. 553, 276 S.E.2d 311 (1981). *See also State ex rel. J.D.W. v. Harris,* 173 W.Va. 690, 319 S.E.2d 815 (1984); *State v. Gwinn,* 169 W.Va. 456, 288 S.E.2d 533 (1982).

For the reasons stated herein, this appeal is dismissed as moot.

Appeal dismissed.

---

a juvenile convicted and sentenced in adult court may be transferred after reaching the age of eighteen from a juvenile facility to an adult penal institution only if the Commissioner of the Department of Corrections and the court which committed the juvenile agree that such transfer is appropriate. Without the assent of both, no transfer is authorized under the statute.