# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Ulysses A. Bellamy,
**Petitioner Below, Petitioner**

vs)  No. 13-1150 (Kanawha County 06-MISC-326)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

June 27, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Ulysses A. Bellamy, appearing *pro se*, appeals the September 17, 2013, order of the Circuit Court of Kanawha County that denied his petition for a writ of habeas corpus. Respondent warden, by counsel Julie A. Warren, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 28, 2003, petitioner pled guilty to first degree murder pursuant to a plea agreement.[1] The plea agreement provided, in pertinent part, that petitioner and the State "agree[d] that the appropriate disposition in this matter is that [petitioner] be sentenced to a life sentence, with a finding of mercy" and that the agreement was made pursuant to Rule 11(e)(1)(C) of the West Virginia Rules of Criminal Procedure. Rule 11(e)(1)(C) required the circuit court to either accept or reject the plea agreement. Accordingly, the agreement provided that if the circuit court rejected the agreement or sought to impose a sentence other than life in prison with the possibility of parole after fifteen years, "[petitioner] shall be entitled to withdraw his plea of guilty." While petitioner was eligible to be sentenced as a youthful offender,[2] the plea agreement does not reflect that petitioner reserved the right to argue for such alternative sentencing.

At the plea hearing, petitioner testified that he was pleading guilty to first degree murder because he was in fact guilty of that offense, stating that "I used a gun to kill." The circuit court asked, "You intended for those results to occur, is that correct?" Petitioner answered, "Yes." Petitioner further testified that he was satisfied with trial counsel's representation and that he had no complaints about her performance. Petitioner also waived his right to a presentence report:

---

[1] In exchange for petitioner's guilty plea, the State dismissed a kidnaping charge as well as charges in an unrelated case.

[2] Petitioner was nineteen years old at the time.

1

| THE COURT: | And you have now discussed with your client his right to a pre-sentence investigation report and he is willing to waive that right? |
|---|---|
| [TRIAL COUNSEL]: | Yes, Your Honor. |
| THE COURT: | And, [petitioner], are you confirming that you are willing to waive your right to a pre-sentence investigation and report that you and your attorney have been discussing that here today in Court; is that correct? |
| [PETITIONER]: | Yes. |
| THE COURT: | And, do you have any further questions you wish to ask of her concerning that matter, sir? |
| [PETITIONER]: | No. |

The circuit court accepted petitioner's plea and adjudged him guilty. Consistent with petitioner's binding plea agreement, the circuit court sentenced petitioner to a life term in prison with the possibility of parole after fifteen years. In 2006, petitioner filed a petition for a writ of habeas corpus challenging his conviction. Subsequently, petitioner was appointed habeas counsel and was provided an omnibus hearing on February 17, 2014. Habeas counsel stated that petitioner intended to proceed on two claims: (1) petitioner would have sought to withdraw his guilty plea if trial counsel had informed petitioner of a co-defendant's jailhouse confession that was disclosed shortly after the entry of his plea[3]—that it was the co-defendant who shot the victim—and (2) petitioner's waiver of his right to a presentence report was not knowing.[4]

At the omnibus hearing, petitioner acknowledged that he gave a statement to the police in which he admitted that "[he] shot the victim." Petitioner testified that following the State's

---

[3] A confidential informant reported the co-defendant's confession in a April 21, 2003, statement. It is undisputed that the assistant prosecutor learned of the informant's statement on April 28, 2003, after petitioner's plea hearing had already occurred earlier in the day. The assistant prosecutor provided petitioner's trial counsel with the relevant portion of the informant's statement the following day, April 29, 2003.

[4] As to petitioner's other claims, habeas counsel identified those allegations as "trial issues." *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979) ("A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed."), *cert. denied,* 464 U.S. 831 (1983). Counsel further stated that "assuming that the plea was validly entered into . . ., those issues, we would concede, were waived by the plea." At the end of the omnibus hearing, petitioner testified that he agreed with counsel that the other issues were waived.

disclosure of his co-defendant's confession to trial counsel, counsel failed to relay that information to him so that he could move to withdraw his guilty plea. Petitioner further testified that initially, at the plea hearing, he did not know he had a right to a presentence report.

Trial counsel testified that she became aware of the co-defendant's jailhouse confession on April 29, 2003, and that the State indicated that it would not oppose a motion to withdraw petitioner's guilty plea. Contrary to petitioner's testimony, trial counsel testified that she consulted with petitioner at the South Central Regional Jail about the alleged confession on April 30, 2003, and that they discussed that petitioner could either move to withdraw his plea or "stay with the plea." Trial counsel testified that petitioner decided to stay with his guilty plea.[5] Trial counsel further testified that her goal in having a binding plea agreement was to ensure a life sentence with the possibility of parole so that, given petitioner's young age, petitioner would have the opportunity to obtain parole and have a life outside of the correctional system.

The assistant prosecutor who handled petitioner's criminal case also testified. The assistant prosecutor confirmed that the State would not have opposed a motion to withdraw petitioner's plea. The assistant prosecutor also confirmed that he later spoke to trial counsel, "and [trial counsel] said that she had discussed it with her client . . . at the jail, and that [petitioner] did not want to withdraw his plea."

With regard to petitioner's waiver of a presentence report, trial counsel accepted petitioner's interpretation of the plea agreement as possibly allowing him to argue for sentencing as a youthful offender and that a presentence report would have been helpful for that purpose. On cross examination, trial counsel testified that after a discussion off the record at the plea hearing, she informed the circuit court that petitioner waived his right to a presentence report and that the court then specifically addressed petitioner to confirm that he was waiving that right.

On September 17, 2013, the circuit court denied petitioner's habeas petition. First, the circuit court determined that "[b]oth the discussion between trial counsel and the Petitioner as well as the Petitioner's decision not to pursue a withdrawal of his guilty plea was memorialized by trial counsel and is evidenced by the exhibit of [Counsel's April 30, 2003, note]." Second, the circuit court found that based on trial counsel's testimony and the plea hearing transcript, petitioner knowingly waived his right to a presentence report following a discussion with his counsel.

Petitioner now appeals the circuit court's September 17, 2013, denial of his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

---

[5] Trial counsel testified that she memorialized her April 30, 2003, consultation about the co-defendant's confession in a note dated the same day. Counsel's April 30, 2003, note is included in the appendix record submitted by petitioner.

3

law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines,* 219 W.Va. 417, 633 S.E.2d 771 (2006).

INEFFECTIVE ASSISTANCE OF COUNSEL WITH REGARD
TO PETITIONER'S GUILTY PLEA

Petitioner asserts trial counsel failed to inform him of his co-defendant's jailhouse confession so that he could move to withdraw his guilty plea. We have held as follows:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* [466 U.S. 668] (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995). Respondent warden notes that counsel testified that she informed petitioner of the confession and that the record reflects that petitioner was informed of his options and decided not to withdraw his plea. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie,* 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Thus, this Court does not disturb the circuit court's determination that trial counsel consulted with petitioner about his options and that petitioner decided to keep his plea because the determination is supported by testimony and evidence.

Alternatively, petitioner argues that assuming that counsel consulted with him about the confession, counsel should have advised him to withdraw his guilty plea. Counsel testified that when she met with petitioner following the disclosure of his co-defendant's jailhouse confession, they discussed that petitioner's options were to move to withdraw his guilty plea or to keep it and that petitioner decided to keep the plea. Counsel was never asked which option she advised petitioner to take. Without that testimony, it is impossible to speculate whether petitioner could meet his difficult burden of rebutting the presumption that counsel was effective. *See Miller*, 194 W.Va. at 16, 459 S.E.2d at 127 ("[W]e always should presume strongly that counsel's performance was reasonable and adequate."). Therefore, we find that the circuit court did not abuse its discretion in denying relief on petitioner's claim of ineffective assistance of counsel.

VALIDITY OF PETITONER'S WAIVER OF PRESENCE REPORT

Petitioner asserts that he did not knowingly waive his right to a presentence report and that he was prejudiced by his unknowing waiver because he could have used the report to argue for sentencing as a youthful offender. However, the circuit court found that based on trial counsel's testimony and the plea hearing transcript, petitioner knowingly waived his right to a presentence report following a discussion with his counsel. We credit this finding. *See Guthrie*, 194 W.Va. at 669 n. 9, 461 S.E.2d at 175 n. 9. Petitioner is also unable to show that he was prejudiced because of

a lack of a presentence report. First, petitioner's interpretation of the plea agreement that it allowed him to argue for alternative sentencing runs contrary to the agreement's plain terms: (1) the parties agreed that a life sentence with the possibility of parole as the "appropriate disposition" in a "Type C" plea agreement that was binding upon the circuit court; and (2) nowhere in the plea agreement did petitioner reserve the right to argue for alternative sentencing.[6] In addition, as respondent warden correctly notes, because petitioner was sentenced to a life term with the possibility of parole, petitioner has already received the most lenient sentence possible for a person who is guilty of first degree murder. *See* W.Va. Code § 61-2-2 ("Murder of the first degree shall be punished by confinement in the penitentiary for life."). Accordingly, this Court finds that the circuit court did not abuse its discretion in also rejecting this claim and in denying the petition.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 27, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] Petitioner cites *State v. Ball*, 175 W.Va. 652, 337 S.E.2d 310 (1985), for the proposition that he could still argue for sentencing as a youthful offender despite the plea agreement's plain terms. We find *Ball* distinguishable because in that case, the plea agreement specifically provided that the offender—a juvenile who was sentenced as an adult—may be placed in a juvenile facility. *See Id.* at 652 n. 1, 337 S.E.2d at 310 n. 1.