DONALD G. RISSLER, JR. *et al.*

*Below*

FANE C. LAUER, *et al.*

*v.*

DONALD GIARDINA, *et al.*

(No. 15304)

Decided March 18, 1982.

*William B. Carey* for appellants.

*Braun A. Hamstead*, Prosecuting Attorney, for appellees.

NEELY, JUSTICE:

The appellants appeal an order of the Circuit Court of Jefferson County dated 18 August 1981 dismissing the appellants' action against the appellees as moot. We reverse.

The record indicates that appellants, Rissler, Lauer, Higgs and Smith originally filed a *pro se* petition styled as a writ of habeas corpus in the circuit court. That petition asserted as grounds for relief the conditions of confinement in the Jefferson County Jail.[1] Approximately two months after the petition was filed, the appellants sought a writ of mandamus from this Court to direct the circuit court judge to act on the petition. Prior to disposition of the mandamus proceeding, however, the judge recused himself and another judge was appointed to hear the case. Counsel was then appointed to represent the appellants.

After his appointment counsel prepared an amended petition. Paragraph II of the petition stated: "The petitioners pursuant to Rule 23 of the West Virginia Rules of Civil Procedure, hereby make this matter a class action, so that it shall henceforth be re-styled to denote the following as petitioners:

DONALD G. RISSLER, JR.,
FANE C. LAUER, ROGER L. HIGGS,
and STEVEN R. SMITH,

---

[1] The conditions stated in the petition included: (1) failure of county officials to supply jail inmates with law books, legal material and writing supplies necessary to pursue relief in the courts; (2) failure to provide inmates with stamps, envelopes, and writing supplies; (3) failure to provide inmates with outdoor exercise; (4) failure to meet fire safety laws and regulations; (5) failure to provide disciplinary hearings upon allegations of inmate misconduct; (6) failure to provide each inmate with an individual cell as required by *W. Va. Code*, 7-3-2 [1971]; and (7) failure to classify inmates so as to minimize the danger of physical or sexual assault and unreasonable exposure to emotional or physical diseases. The petition concluded with a prayer for release from confinement.

Individually and On Behalf of
All Other Inmates, Present and
Future, of the Jefferson County,
West Virginia Jail
Petitioners

Subsection 6 of paragraph I of the petition alleged that "[t]he prosecution of this matter as a class action would permit the matter to remain active until resolved, avoiding its becoming moot if all the present petitioners are released from jail." Subsection 7 of the same paragraph asserted that the conditions alleged in the original petition violated several provisions of the West Virginia and United States Constitutions.

In paragraph III the petitioners asserted that the conditions in the Jefferson County Jail inflicted upon them irreparable harm and that the respondents "are therefore liable to the petitioners for the various types of relief afforded by 42 U.S.C. § 1983 et seq." The amended complaint concluded with a prayer for affirmative action on the part of the respondents in correcting the alleged violations.[2]

On 15 July 1981, the date set for trial, counsel for the petitioners tendered to the court the amended complaint and the respondents objected on the ground that they had received no notice of the amended petition. The court continued the matter for twenty (20) days to allow the respondents time to file responsive pleadings.[3] On 18

---

[2] Specifically, the petitioners asked that the respondents: (1) establish and post reasonable rules for inmate behavior; (2) establish a procedure for disciplinary hearings upon an allegation that a rule has been violated; (3) refrain from punishment of an inmate until he has been found guilty of violation of a rule at a hearing; (4) respond promptly and keep records of inmate illnesses; (5) install sufficient lighting in each cell; (6) establish visiting hours on weekends; (7) establish a procedure for the confidential handling of inmate complaints against other inmates; and (8) refrain from providing jail food to any person who is not an inmate.

[3] The respondents argue in their brief that the amended complaint was never filed. The record indicates that the complaint was filed in open court on 15 July 1981 as attested to by the signature of the clerk of the circuit court. We find no responsive pleading in the record prior

August 1981 the case came on for hearing. By order dated 24 August 1981 the court dismissed petitioner Rissler from the action[4], found that none of the original petitioners (except Rissler) were still confined in the Jefferson County Jail, and concluded as a matter of law that the absence of any of the petitioners in the jail rendered the matters at issue moot.[5] The court then ordered that the action be dismissed without prejudice. It is from this final order that appeal is being taken.

The only issue for our determination is whether the action in itself is moot because three of the petitioners were released from jail and the fourth withdrew from the suit prior to disposition of the case on the merits.

Clearly this suit bears the hallmark of an action under 42 U.S.C. § 1983 since it challenges the conditions of confinement in the Jefferson County Jail and does not seek a determination that the petitioners are entitled to release from confinement.[6] Syllabus points 1 and 2 of *Mitchem v. Melton*, ___ W.Va. ___, 277 S.E.2d 895 (1981) state:

> Ordinarily an action under 42 U.S.C.A. § 1983 is appropriate where complaint is made to the conditions of confinement and not its duration.

---

to that date. Consequently, the amended complaint was properly filed under Rule 5(e) *W.Va.R.C.P.* and under the language of Rule 15 which states: "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served. . . ."

[4] Donald Rissler appeared at the hearing held on 18 August 1981 and testified that it was his desire to withdraw from the action. The record indicates that Mr. Rissler agreed to withdraw from the habeas corpus action when his attorney informed him that the prosecuting attorney of Jefferson County would not try him a second time for a 1977 breaking and entering charge which had been overturned if he would withdraw from the action.

[5] Petitioner Lauer was extradited to Delaware; Higgs was transferred to the West Virginia Penitentiary at Moundsville; and Smith was released because he had completed serving his sentence.

[6] Although the petitioners sought release from confinement in their original *pro se* petition for writ of habeas corpus the amended petition prayed only for affirmative action to correct the alleged deficiencies in the jail.

An action based on 42 U.S.C.A. § 1983 can be maintained in our State courts to challenge prison conditions.

We have not addressed the precise issue involved in this case but find ample and convincing authority from the United States Supreme Court and elsewhere that a class action will not become moot, even though the named petitioners' status changes or they lose their stake in the outcome of the litigation, if the issue is capable of repetition and yet will evade review because all potential petitioners will inevitably experience a change in status. This issue was addressed in note 11 of *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), a case involving entitlement to judicial determination of probable cause for pretrial restraint of liberty.

> At oral argument counsel informed us that the named respondents have been convicted. Their pretrial detention therefore has ended. This case belongs, however, to that narrow class of cases in which the termination of a class representative's claim does not moot the claims of the unnamed members of the class. See *Sosna v. Iowa,* 419 U.S. 393 [95 S.Ct. 553, 42 L.Ed.2d 532] (1975). Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated deprivations, and it is certain that other persons similarly situated will be detained under the allegedly unconstitutional procedures. The claim, in short, is one that is distinctly "capable of repetition, yet evading review."[7]

Similar mootness issues have arisen in other contexts. For instance, in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) the Supreme Court allowed a woman

---

[7] The rationale of the Court in finding the case has not become moot where the case under review is "capable of repetition, yet evading review" was first enunciated in *Southern Pacific Terminal Co. v. Interstate Commerce Commission,* 219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310 (1911) where the Court allowed review even though the challenged I.C.C. orders had expired.

representing a class to challenge the Texas criminal abortion laws even though her own pregnancy, which occurred in 1970, had been terminated. The Court noted that pregnancy is a classic justification for nonmootness under the "capable of repetition, yet evading review" rationale. In *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), where the plaintiff in a class action challenged the duration of the Iowa residency requirement for divorce actions, the Supreme Court found no mootness problem even though the named plaintiff had become eligible to institute divorce proceedings before the case was decided. The Court reasoned that although the plaintiff's claim had expired, the controversy was still alive for those unnamed persons in the class. *Also see, United States Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1975); *McGill v. Parsons*, 532 F.2d 484 (5th Cir. 1976).

The facts of the case before us are similar to those in *Gerstein v. Pugh, supra.* By its very nature a county jail is primarily a place for transient convicts waiting to be transferred to a state penitentiary and accused defendants waiting to go on trial. Granted, the county jails also house those who have been sentenced and are serving their time in the jail but these persons are limited in number.

We conclude that this is a situation that falls in the narrow class of cases where an action will not be mooted merely because the named representatives have been released from jail or have otherwise lost their status. Clearly, conditions in the Jefferson County Jail are affecting prisoners at this moment and will affect others in the future.

Accordingly, the judgment of the Circuit Court of Jefferson County is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*