345 S.E.2d 22

**Henry CHRISTIE, in his capacity as President of Concerned Citizens for Health Care, etc., et al.**

v.

**W. VA. HEALTH CARE COST REVIEW AUTHORITY, John Kozak, etc., et al.**

No. 17079.

Supreme Court of Appeals of West Virginia.

June 4, 1986.

Michael C. Farber, Sutton, for petitioners.

John Kozak, Gen. Counsel, Charleston, for respondents.

BROTHERTON, Justice:

This is an original petition for a writ of prohibition and mandamus brought by Henry Christie in his capacity as President of Concerned Citizens for Health Care (Concerned Citizens), an unincorporated association, and others against the West Virginia Health Care Cost Review Authority (HCCRA), seeking to compel the HCCRA to reinstate Michael Farber, the Concerned Citizens' attorney, as counsel of record in certain contested proceedings before the Authority.[1] We agree with the petitioners and grant their request.

By order dated January 10, 1986, the HCCRA directed "That Michael Farber's privileges to practice as an attorney before the authority ... [be] temporarily suspended ..." because of certain activities that Board members deemed to be disrespectful. Further, the Board announced that it would request the State Bar to investigate his conduct.

■ The HCCRA did not have the power to suspend Mr. Farber's privilege to practice before it. The HCCRA is an administrative tribunal authorized to hear evidence, subpoena witnesses and administer

---

1. During the appeal process to this Court, the HCCRA reinstated Mr. Farber's privileges to practice before it. We decline to declare the issue moot, however, as we feel this is an issue capable of repetition. *See* syl. pt. 1, *State ex rel. M.C.H. v. Kinder,* 173 W.Va. 387, 317 S.E.2d 150 (1984).

oaths. *See* W.Va.Code § 16–29B–8(a)(2) (1985). Practice before an administrative tribunal is the practice of law. *W.Va. State Bar v. Earley*, 144 W.Va. 504, 521–22, 109 S.E.2d 420, 432 (1959). While an administrative agency does have the power to adopt rules of procedure for those appearing before it, *see* W.Va.Code § 29A–5–1(d) (1980), it does not have the power to discipline attorneys. "The exclusive authority to define, regulate and control the practice of law in West Virginia is vested in the Supreme Court of Appeals." Syl. pt. 1, *State ex rel. Askin v. Dostert*, 170 W.Va. 562, 295 S.E.2d 271 (1982). Because this Court has the *exclusive* power to discipline attorneys, the HCCRA's attempts to do so were improper.

For this reason, we grant petitioner's writ and the HCCRA is hereby prohibited from suspending Mr. Farber's privilege to practice before them.

Writ granted.