529 S.E.2d 103

**STATE of West Virginia ex rel. Robert DAVIS, Petitioner,**

v.

**William F. VIEWEG, Commissioner, Bureau of Employment Programs, Workers' Compensation Division and Wal–Mart Stores, Inc., Respondents.**

No. 26845.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 11, 2000.

Decided Jan. 28, 2000.

Kelly Elswick Hall, Howley & Venezia, Charleston, West Virginia, Attorney for Petitioner.

Frederick G. Staker, III, Assistant Attorney General, Employment Programs, Litigation Unit, Charleston, West Virginia, Attorney for Respondent Commissioner Vieweg.

Wendy D. Young, Carter & Young, Charleston, for Respondent Wal–Mart.

DAVIS, Justice:

Robert Davis sought a writ of mandamus to compel William Vieweg, Commissioner of the Workers' Compensation Division (hereinafter referred to as "Commissioner"), to issue protestable order rulings on three

matters concerning Mr. Davis' Workers' Compensation claim.[1] Specifically, Mr. Davis sought to have the Commissioner rule upon his requests: first, to find his right ankle fracture compensable; second, for payment of medications; and finally, for pain management treatment. Because the Commissioner entered the requested rulings, the issue is technically moot and the writ dismissed. However, because this issue is of great public interest and capable of repetition, we file this opinion addressing the issue and awarding reasonable attorney's fees and costs to Mr. Davis.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Davis filed a claim for Workers' Compensation benefits based upon injuries received on May 12, 1998 to his upper and lower back. By order dated June 8, 1998, the claim was ruled compensable and temporary total disabilities benefits were granted.

Three requests concerning Mr. Davis' Workers' Compensation claim were submitted to the Commissioner by either Mr. Davis or on his behalf. Mr. Davis' first request sought to add an ankle injury to the compensable injury. This request arose from a fractured right ankle that Mr. Davis sustained in a fall on July 12, 1998. The circumstances of Mr. Davis' fall are not specified in the record. However, Mr. Davis' treating physician, Heather Milioti, D.C., in a report dated July 13, 1998, opined that Mr. Davis' back injuries caused his fall and the resultant ankle frac-

ture. By request submitted December 23, 1998, Mr. Davis sought to add his ankle injury as part of his compensable injury claim. Mr. Davis' second request, submitted September 3, 1998, sought payment for certain of his medications.[2] Finally, on January 22, 1999, J.K. Lilly, M.D ., Mr. Davis' physician, requested pain management treatment for Mr. Davis.[3] Mr. Davis maintains that during 1999, he contacted the Commissioner several times seeking responses to his requests.

After waiting without a response for more than 10 months on his first and third requests and 14 months on his second request, on November 9, 1999, Mr. Davis sought a writ of mandamus from this Court to compel the Commissioner to rule. On November 18, 1999, we issued a rule to show cause returnable January 11, 2000. Attached to the Commissioner's response, filed on January 7, 2000, were the Commissioner's December 15, 1999 rulings on Mr. Davis' requests.[4]

The Commissioner conceded that the orders were entered on December 15, 1999, which is approximately 36 days *after* Mr. Davis' petition was filed with this Court. Because of the issuance of the protestable orders, the Commissioner seeks to have this case dismissed as moot. The Commissioner's response also noted that he "is willing to discuss ... payment of a reasonable attorney's fee, and reasonable costs" arising from this proceeding.

## II.

### STANDARD OF REVIEW

As an initial matter, we review the standard for issuing a writ of mandamus. This

---

1. Wal–Mart Stores, Inc., Mr. Davis' employer, was named as a nominal respondent in this matter.

2. According to the Commissioner's December 15, 1999 orders, requests for medication were submitted on September 28, 1998 and April 11, 1998.

3. According to the December 15, 1999 order, as corrected by the January 6, 2000 order, Dr. Lilly's request was submitted on December 14, 1998 (12/15/99 order) or March 29, 1999 (1/6/2000 corrected order).

4. The following protestable orders were attached to the Commissioner's response:

(1) A December 15, 1999 order titled: Authorization for medication;
(2) A December 15, 1999 order titled: Authorization for medication;
(3) A December 15, 1999 order titled: Notice to include secondary conditions;
(4) A December 15, 1999 order titled: Denial to Dr. Lilly; and
(5) A January 6, 2000 order titled: Correction to Denial to Dr. Lilly.

The Commissioner also attached two orders, dated December 22, 1999 and December 31, 1999, which address matters extraneous to this opinion and therefore, are not discussed.

Court has held that "[s]ince mandamus is an 'extraordinary' remedy, it should be invoked sparingly." *State ex rel. Billings v. City of Point Pleasant,* 194 W.Va. 301, 303, 460 S.E.2d 436, 438 (1995) (footnote omitted). We further note that "[t]he traditional use of mandamus has been to confine an administrative agency or an inferior court to a lawful exercise of its prescribed jurisdiction or 'to compel it to exercise its authority when it is its duty to do so.'" *State ex rel. Frazier v.. Meadows,* 193 W.Va. 20, 31, 454 S.E.2d 65, 76 (1994), quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 941, 87 L.Ed. 1185, 1190 (1943).

■ The traditional test for granting mandamus relief is stated in syllabus point 2 of *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969):

A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

*See* Syl. pt. 1, *State ex rel. Aaron v. King,* 199 W.Va. 533, 485 S.E.2d 702 (1997). "Once these prerequisites are met, this Court's decision whether to issue the writ is largely one of discretion." *Billings,* 194 W.Va. at 304, 460 S.E.2d at 439 (footnote omitted). With this standard in mind, we now address the merits of Mr. Davis' petition.

## III.

### DISCUSSION

#### A. Mootness Issue

■ Because the protestable orders sought by Mr. Davis were issued, the Commissioner urges the dismissal of the petition as moot. In syllabus point 1 of *State ex rel. Durkin v. Neely,* 166 W.Va. 553, 276 S.E.2d 311 (1981), this Court restated the general doctrine with regard to mootness by stating:

Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property are not properly cognizable by a court.

*See* Syl. pt. 1, *State ex rel. Lilly v. Carter,* 63 W.Va. 684, 60 S.E. 873 (1908). However, in syllabus point 1 of *State ex rel. M.C.H. v. Kinder,* 173 W.Va. 387, 317 S.E.2d 150 (1984), we outlined a well-established exception to the mootness doctrine in cases similar to the present case:

A case is not rendered moot even though a party to the litigation has had a change in status such that he no longer has a legally cognizable interest in the litigation or the issues have lost their adversarial vitality, *if such issues are capable of repetition and yet will evade review.*

(Emphasis added.) In syllabus point 1 of *Israel by Israel v. West Virginia Secondary Schools Activities Com'n,* 182 W.Va. 454, 388 S.E.2d 480 (1989), we expanded the test for determining whether to address a moot issue:

Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.

Although Mr. Davis no longer has a legally cognizable interest in the litigation, the specific issue, namely unreasonable delay by the Workers' Compensation Commissioner in addressing his requests, is of great public interest to the workers in this State and is capable of repetition. If this Court simply dismissed this action as moot, future injured workers may be subject to unnecessary delays in the processing of claims. We are particularly concerned that the delay in responding to Mr. Davis' *three* requests represents a pattern or practice of long unnecessary delays by the Commissioner in addressing claimants' requests. *See Cathe A. v. Doddridge County Bd. of*

*Educ.,* 200 W.Va. 521, 490 S.E.2d 340 (1997) (invoking exception to mootness doctrine); *West Virginia Educ. Ass'n v. Consolidated Public Retirement Bd.,* 194 W.Va. 501, 460 S.E.2d 747 (1995) (same); *McGraw v. Caperton,* 191 W.Va. 528, 446 S.E.2d 921 (1994) (same); *Hairston v. Lipscomb,* 178 W.Va. 343, 359 S.E.2d 571 (1987) (same); *Calhoun County Assessor v. Consolidated Gas Supply Corp.,* 178 W.Va. 230, 358 S.E.2d 791 (1987) (same); *State ex rel. M.L.N. v. Greiner,* 178 W.Va. 479, 360 S.E.2d 554 (1987) (same); *Christie v. W. Va. Health Care Cost Review Authority,* 176 W.Va. 420, 345 S.E.2d 22 (1986) (same); *White v. Linkinoggor,* 176 W.Va. 410, 344 S.E.2d 633 (1986) (same); *State ex rel. Ayers v. Cline,* 176 W.Va. 123, 342 S.E.2d 89 (1985) (same); *State ex rel. J.D.W. v. Harris,* 173 W.Va. 690, 319 S.E.2d 815 (1984) (same); *Marshall v. Casey,* 174 W.Va. 204, 324 S.E.2d 346 (1984) (same); *State ex rel. McGraw v. Willis,* 174 W.Va. 118, 323 S.E.2d 600 (1984) (same); *Rissler v. Giardina,* 169 W.Va. 558, 289 S.E.2d 180 (1982) (same); *State ex rel. White v. Narick,* 170 W.Va. 195, 292 S.E.2d 54 (1982) (same); *State ex rel. Barker v. Manchin,* 167 W.Va. 155, 279 S.E.2d 622 (1981) (same); *State ex rel. K.W. v. Werner,* 161 W.Va. 192, 242 S.E.2d 907 (1978) (same).

Although, we agree with the Commissioner that the issue with regard to Mr. Davis is moot, because of the possibility that similar unnecessary delays in responding to legitimate claimant requests may occur in the future, we now address the merits of this case under the *Kinder–Israel,* exception to the mootness doctrine.

## B. The Duty of the Commissioner to Timely Respond to Requests by a Workers' Compensation Claimant

The issue in this case concerns the Commissioner's failure to respond in a timely manner to requests to find an alleged sequela compensable and for medical benefits. Mr. Davis made specific requests to the Commis-

sioner, and for more than 10 months, the Commissioner failed to respond. On December 15, 1999, the Commissioner entered the requested orders, but his orders were entered only after this Court entered a rule to show cause in mandamus. Even then, these orders were entered 36 days after Mr. Davis sought this extraordinary remedy.

This Court has previously recognized that "[l]ong delays in processing claims for [workers'] compensation is not consistent with the declared policy of the Legislature to determine the rights of claimants as speedily and expeditiously as possible." Syl. pt. 1, *Workman v. Workmen's Compensation Comm'r,* 160 W.Va. 656, 236 S.E.2d 236 (1977). For this reason, we have ruled that "[m]andamus will lie to compel the workers' compensation commissioner to perform nondiscretionary duties." Syl. pt. 4, *Meadows v. Lewis,* 172 W.Va. 457, 307 S.E.2d 625 (1983).

In our seminal case of *Meadows v. Lewis,* we addressed the duty of the Commissioner to respond timely to the rights of Workers' Compensation claimants. In *Meadows,* the petitioners sought to have the Commissioner timely process temporary total disability and permanent partial disability claims. One of the pertinent legal issues in *Meadows* was the petitioners' request that the Commissioner be compelled "to promulgate rules and regulations governing 'the time within which adjudications and awards shall be made' as required by W. Va.Code § 23–1–13.'" *Meadows,* 172 W.Va. at 473, 307 S.E.2d at 641. Based on W. Va.Code 23–1–13, this Court recognized that the Commissioner had a nondiscretionary duty to promulgate rules and regulations. Syllabus point 6 of *Meadows* states:

The commissioner is required by W. Va. Code § 23–1–13 (1981 Replacement Vol.) to promulgate regulations specifying, *inter alia,* internal procedural time limits through which adjudications and awards are made.[5]

---

**5.** W. Va.Code 23–1–13(a) [1995] provides:

The workers' compensation division shall adopt reasonable and proper rules of procedure, regulate and provide for the kind and character of notices, and the service thereof, in cases of accident and injury to employees, the

nature and extent of the proofs and evidence, the method of taking and furnishing the same to establish the rights to benefits or compensation from the fund hereinafter provided for, or directly from employers as hereinafter provided, as the case may require, and the method of

On May 23, 1985, the Commissioner responded to our ruling in *Meadows,* by promulgating "Time Limits For The Administrative Processing Of Adjudications And Awards." *See* generally, 85 CSR 6 [1985]. These rules were "promulgated for the purpose of promoting and facilitating the prompt processing of claims with the operation of the Workers' Compensation Fund." CSR 85–6–1.1. [1985]. The disposition of this issue is controlled by the rules promulgated by the Commissioner. Given that the Commissioner promulgated the rules, he must consider them reasonable and must believe that the Fund is capable of complying with them.

**(1) Request to pay for medications and pain management treatment.** Mr. Davis made an initial request for the payment of certain medications on September 3, 1998. Subsequently, on January 22, 1999, Mr. Davis made a request for authorization to receive pain management treatment. After these initial requests, Mr. Davis followed up with additional demands that the Commissioner respond to his requests. The Commissioner ignored Mr. Davis' requests until he sought extraordinary relief from this Court. In fact, the Commissioner did not respond to Mr. Davis' requests until December 15, 1999.

The Commissioner's rule addressing the time limit for responding to requests for medical treatment is found at CSR 85–6–3.1. [1985], which provides:

> Medical Treatment.—Requests for authorization of medical treatment *shall* be ruled upon within fifteen (15) working days from the date of receipt in the Fund.

(Emphasis added.) The need for a rapid response to a request of medical treatment is self evident. An injured worker, who needs medical treatment, should not suffer because of bureaucratic delay. The Commissioner recognized the need for a timely response and he imposed a nondiscretionary duty to respond to such requests within fifteen (15) working days of the receipt of such requests in the Fund.

making investigations, physical examinations and inspections, and prescribe the time within which adjudications and awards shall be made.

■ We find that under W. Va.Code 23–1–13(a) [1995], the Workers' Compensation Commissioner has a nondiscretionary duty to respond to requests for authorization for medical treatment within a reasonable period. Under 85 CSR 6 [1985], the rules adopted by the Commissioner governing time limits, the Commissioner has determined that fifteen (15) working days from the date receipt of a request in the Fund is a reasonable period for such response. CSR 85–6–3.1. [1985].

In the instant proceeding, the Commissioner not only failed to comply; but, he did not even come reasonably close to complying with his own time limit. Mr. Davis had to wait almost a year for approval for prescription medications and for denial of certain treatment. In both cases, the injured worker has a grave potential for harm—harm because of lack of proper treatment or harm because of delay in the appeal/protest process.

**(2) Request to find right ankle fracture compensable.** On December 23, 1998. Mr. Davis submitted a request to the Commissioner that his ankle injury be added as part of his compensable back injury claim. Again, Mr. Davis followed up with additional requests that the Commissioner respond to his initial inquiry. Again, Mr. Davis' requests were ignored by the Commissioner until he sought extraordinary relief from this Court. Again, no order was entered by the Commissioner until December 15, 1999.

The Commissioner's rule addressing the time limit for responding to requests for finding an injury compensable is found at CSR 85–6–2.1. [1985], which provides, in pertinent part:

> Injury and occupational disease claims.— Those claims based upon injuries and occupational diseases other than occupational pneumoconiosis that are filed in the Fund upon properly executed, prescribed forms ... *shall* be ruled upon within fifteen (15) working days from the date of receipt in the Fund.[6]

**6.** Although CSR 85–6–2 [1985] indicates that it applies to "[i]nitial rulings," 85 CSR 6 [1985]

(Emphasis added.) The need for a timely response to a compensability request is apparent. An injured worker needs immediate treatment. The Commissioner recognized the need for a timely response. Thus, he imposed a nondiscretionary duty to respond to a compensability claim, other than occupational pneumoconiosis, within fifteen (15) working days from the date of receipt of the request in the Fund.

■ We find under W. Va.Code 23–1–13(a) [1995], the Workers' Compensation Commissioner has a nondiscretionary duty to respond to a compensability request within a reasonable period. Under 85 CSR 6 [1985], the rules adopted by the Commissioner governing time limits, the Commissioner has determined that fifteen (15) working days from the date of receipt of a compensability request in the Fund is a reasonable period for a response to a compensability claim, other than occupational pneumoconiosis. CSR 85–6–2.1. [1985].

In the instant proceeding, the Commissioner failed to comply with his own time requirements. Mr. Davis waited almost a year for a ruling on the compensability of his fractured ankle. Such delay frustrates not only the injured worker and his/her family, but also affects medical providers, employers and others. Delay also postpones a prompt adjudication of disputed matters.

(3) **Procedure to follow when time limits cannot be met.** The rules also provide a procedure when time limits cannot be met. CSR 85–6–1.1. [1985] provides in pertinent part: "Compliance with non-statutory time limits may be extended for good cause." In the instant proceeding, *no cause,* good or otherwise, was given for the delay in responding to Mr. Davis' requests. Under the Commissioner's rules, he was required to communicate with Mr. Davis, within a reasonable time, detailing his good cause for extending the time limits involved.

■ We hold that when the Workers' Compensation Commissioner is unable to issue a protestable order within the time limit

set forth in his rules and regulations, the Commissioner, under 85 CSR 6 [1985], has a nondiscretionary duty to provide the claimant with notice of good cause for extending the applicable time limit. Such notice of good cause must be issued to the claimant within a reasonable time after the Commissioner realizes a time limit cannot be met, and must contain a reasonable date by which a protestable order will be issued. CSR 85–6–1.1. [1985].

### C. Attorney Fees

Mr. Davis requested attorney's fees and costs for prosecuting this action. This Court previously addressed the issue of attorney's fees in the context of this type of proceeding. Syllabus point 7 of *Meadows v. Lewis* states:

Citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties. When, however, resort to such action is necessary to cure willful disregard of law, the government ought to bear the reasonable expense incurred by the citizen in maintaining the action. No individual citizen ought to bear the legal expense incurred in requiring the government to do its job.

We further stated in syllabus point 9 of *Meadows:*

Where a claimant for workers' compensation benefits is required to hire an attorney to contest unlawful acts of the commissioner, the claimant should be reimbursed for reasonable attorney fees incurred in vindicating his statutory entitlement to benefits. Reasonable attorney fees are to be paid by the commissioner who fails to comply with statutory duties.

■ Mr. Davis should not be forced to expend his resources to have the Commissioner perform his nondiscretionary duty. Mr. Davis was entitled to prompt rulings on his requests. Unfortunately, before he could secure any action from the Commissioner, he had to seek a writ of mandamus from this

---

does not have a separate rule for processing a request for finding an alleged sequela compensable. However, the issue of compensability is

similar in both initial and subsequent compensability determinations cases, and similar policy concerns would require similar timely responses.

Court. The Commissioner's response acknowledges that the Workers' Compensation Division should reimburse Mr. Davis for his reasonable attorney's fees and costs. Based on the undisputed facts of this case, we find that Mr. Davis is entitled to reasonable attorney's fees and costs associated with prosecuting this petition.

During oral argument, the parties indicated that they were negotiating payment of the reasonable attorney's fees and costs incurred by Mr. Davis in this matter, but no agreement had been reached. Because the case cannot be remanded for a judicial determination, we are concerned that another long and unnecessary delay may occur in settling the issue of reasonable attorney's fees and costs.

We hold that when the Court awards reasonable attorney's fees and costs in a case, which is not subject to remand, any agreement by the parties to such fees and costs is subject to the Court's approval. If the parties are unable to agree, the parties shall attempt mediation through the Court's mediation program. If the mediation does not result in an agreement, the parties and the mediator shall make timely written recommendations to the Court for a determination of the appropriate award.

In the instant proceeding, if the parties are unable to agree within 15 days of the issuance of the mandate in this case, the matter shall be submitted to this Court's mediation program, which was instituted in 1998 to assist parties in Workers' Compensation cases to reach a mutually acceptable agreement.[7] Although the mediation proceedings in the Court's program are confidential, in cases involving a Court referral concerning the award of reasonable attorney's fees and costs, any agreement is subject to Court approval. If the parties are unable to agree, the parties and the mediator shall timely submit written recommendations to the Court for a determination of any award.

**7.** For additional information about the Court's mediation program or for a copy of the "Report on Workers' Compensation Mediation Program of the Supreme Court of Appeals of West Virginia" by Roger A. Hanson, please contact the

## IV.

## CONCLUSION

In view of the foregoing, the writ is dismissed. Mr. Davis is awarded the reasonable attorney's fees and costs he incurred in prosecuting this petition.

Writ Dismissed.

Court's Administrative Office or visit the Court's Web Site: www.state.wv.us/wvsca. The report was funded in part through a grant from the State Justice Institute.