## Staunton.

## GREGORY AND OTHERS V. HUBARD, CLERK.

September 19, 1918.

1. MANDAMUS—*Right to Writ—Writ Unnecessary.*—It appeared that petitioners for a mandamus to compel a county clerk to issue them certificates of election as members of a town council had already qualified as members of the council.

   *Held:* That as the council was the judge of the election, qualification and returns of its members by section 1030, Code of 1904, the object of the petition had been accomplished, and the mandamus will be refused.

2. ELECTIONS—*Commissioners of Election—Presence of all Commissioners—Case at Bar.*—Section 1022 of the Code of 1904 provides that the judge of election and the registrar appointed by the county board "shall also act as commissioners of election." It is not necessary, under section 133 of the Code of 1904, that all of the commissioners of election should be present when the vote is canvassed. It is sufficient if three be present, and in the case at bar three were present, and the tie vote for mayor was broken in the manner prescribed by section 135 of the Code of 1904.

3. ELECTIONS—*Commissioners of Election—Notice of Meeting—Public Meeting.*—No notice of the time and place of a meeting of the commissioners of election to canvass the returns is required, but they must meet in public.

4. ELECTIONS—*Commissioners of Election—Public Place.*—A meeting of election commissioners held in the clerk's office is held in a public place, and it was none the less public because no one was present except the commissioners, the deputy clerk and counsel for the persons elected.

5. ELECTIONS—*Contest—Refusal by Clerk to Issue Certificate of Election.*—In a proceeding by mandamus to compel a county clerk to issue a certificate of election as mayor to the petitioner, there was no allegation that the election was not fairly held, except the statement of the clerk that one person was allowed to register and vote on the day of election (which might be a ground for contesting the election, but not for the clerk to

refuse a certificate), and his further statement as to his refusal to permit the commissioners to canvass the returns and their subsequent canvass before his deputy while the clerk was sick. *Held:* These were not good reasons for refusing the certificate, and the clerk could not in this manner annul the election.

6. ELECTIONS—*Commissioners of Election—Time of Canvass of Returns.*—The statute (Code 1914, section 133) requiring the commissioners of election to canvass the returns on the second day after the election is only directory as to the time of canvass, and if they let the time elapse without making the canvass, the successful candidate is not thereby deprived of the benefit of the election, as the commissioners could thereafter canvass the returns, and if they failed to do so, could be compelled to make the canvass.

7. ELECTIONS—*Certificates of Election—Mandamus.*—Under section 137 of the Code of 1904, it was the plain duty of the county clerk to immediately make out a certificate of election to petitioner, in the case at bar, as mayor of the town of Dillwyn, and deliver the same to him, and on request of petitioner therefor, the clerk having failed and refused to do so without good cause, the writ of mandamus prayed for by petitioner should be awarded.

Original application for mandamus.

> *Writ awarded as to one petitioner and*
> *refused as to the others.*

The opinion states the case.

*Moon & Pitts,* for the petitioners.

(No appearance for respondent.)

PER CURIAM:

This is an application to compel the county clerk of Buckingham county to issue and deliver to E. D. Gregory a certificate of his election as mayor of the town of Dillwyn, in said county, and to B. H. Barnes and C. T. Apperson, certificates of election as members of the council of said town.

It appears that Barnes and Apperson have already qualified as members of the council of said town, and as the council is made the judge of the election, qualification and returns of its members by section 1030 of the Code, the object of the petition has been accomplished as to them, and the mandamus, so far as it affects them, will be refused.

As to E. D. Gregory the writ should be awarded. Section 1022 of the Code provides that the judges of election and the registrar appointed by the county board "shall also act as commissioners of election." It is not necessary, under section 133 of the Code, that all of the commissioners of election should be present when the vote is canvassed. It is sufficient if three be present, and in this case three were present, and the tie vote for mayor was broken in the manner prescribed by section 135 of the Code. No notice of the time and place of their meeting was required, but they were to meet in public. The meeting was held in the clerk's office, a public place, and it was none the less public because no one was present except the commissioners, the deputy clerk and counsel for the persons elected. There is no allegation that the election was not fairly held, except the statement of the clerk that one person was allowed to register and vote on the day of election (which might be a ground for contesting the election, but not for the clerk to refuse a certificate), and his further statement as to his refusal to permit the commissioners to canvass the returns and their subsequent canvass before his deputy while the clerk was sick. These were not good reasons for refusing the certificate, and the clerk could not in this manner annul the election. The statute requiring the commissioners of election to canvass the returns on the second day after the election is only directory as to the time of canvass, and if they let the time elapse without making the canvass, the mayor was not thereby deprived

of the benefit of the election. They could thereafter canvass the returns, and if they failed to do so, could have been compelled to make the canvass. Under section 137 of the Code, it was the plain duty of the clerk to "immediately make out" a certificate of election to the petitioner, E. D. Gregory, as mayor of the town of Dillwyn, and deliver the same to him, on his request therefor; and having failed and refused to do so, although thereto requested, the writ of mandamus prayed for by him should be awarded.

*Writ awarded as to one Petitioner and refused as to the others.*