STATE *ex rel.* CECIL HEDRICK

*v.*

THE BOARD OF COMMISSIONERS OF THE COUNTY

OF OHIO, *etc., et al.*

(No. 12088)

Submitted January 11, 1961. Decided February 7, 1961.

*Riley & Riley, S. Robert Reiter, Clowes & Ruckman,* for relator.

*Joseph R. Curl, James A. Byrum,* for respondents.

BERRY, JUDGE:

The petitioner, Cecil Hedrick, instituted this original proceeding in mandamus in this Court to compel the Board of Commissioners of Ohio County, West Virginia, to declare him eligible and qualified to be inducted as a Member of the Board of Commissioners of said County for the term beginning January 1, 1961, and ending December 31, 1966. The petitioner alleged that he had received the nomination for the office of County Commissioner of Ohio County, West Virginia, for the Democratic party in the primary election held in May, 1960, and at the general election held on November 8, 1960, was elected to said office by receiving 19,212 votes, while his Republican opponent, Edward F. McKee, who resided in the same magisterial district, received 15,024 votes; that the said election results were duly certified by the Board of Commissioners of the County of Ohio, West Virginia, acting as a Board of Canvassers; that the said Edward F. McKee instituted an election contest proceeding before the Board of Commissioners of Ohio County contesting petitioner's eligibility to serve as Commissioner of Ohio County; that on December 12, 1960, the petitioner presented to the Circuit Court of Ohio County his bond, as required by law, and was administered the oath of office by the Judge of said Court; that on December 14, 1960, the petitioner filed with the Board of Commissioners of Ohio County his demurrer and reply to the notice of contest filed by respondent, Edward F. McKee, and also a motion to declare him eligible and qualified to hold the office of Commissioner of Ohio County, to which office he had been duly elected, and to induct him into said office for the term for which he had been elected. The Board of Commissioners of Ohio County did not rule on the demurrer and motion filed by petitioner on the day they were filed, but on said date set the election contest for a hearing on December 20, 1960.

On December 19, 1960, the attorneys for the petitioner appeared before this Court, filed the petition

herein, and requested this Court to issue a rule against respondents to show cause why the relief prayed for in said petition should not be granted. A rule was granted at that time returnable January 11, 1961.

On January 11, 1961, an answer was filed on behalf of the Board of Commissioners of Ohio County, and a separate demurrer and answer was filed by Edward F. McKee individually. When the case was called for argument, it appeared from the answers and arguments of counsel, that on the 20th day of December, 1960, when the hearing was held on the election contest referred to herein, the Board of Commissioners of Ohio County sustained the demurrer and granted the motion of the contestee, the petitioner herein, in its entirety, thereby declaring the petitioner eligible and qualified to be a member of the Board of Commissioners of Ohio County, and inducting him into said office.

Although the prayer of the petition for mandamus to compel the Board of Commissioners of Ohio County to declare the petitioner eligible and qualified, and to induct him into said office, had been fully complied with by the Board of Commissioners in the disposition of the election contest proceeding, the attorneys for the petitioner and respondent, Edward F. McKee, requested this Court to decide the constitutional questions involved in the case relative to an Act of the Legislature of 1909, Chapter 29, section 5, as amended in 1921, Chapter 181, section 5, providing for three subdivisions of Ohio County, from which the Board of Commissioners should be elected, in reference to the provisions of Article 8, sections 23 and 24, of the Constitution of West Virginia, providing for such members to be elected from the various magisterial districts, and that such tribunals for counties established before the Constitution was amended in 1880 shall remain in lieu of the county courts thereby established until otherwise provided by law, and in reference to Article 6, section 39, of the Constitution of West Virginia prohibiting the passage of local laws with regard to county affairs.

The decision of the Commissioners of Ohio County in the contest election case, declaring the petitioner eligible, qualified, and inducting him into office, grants all the relief asked for in this proceeding. There is nothing further to be accomplished. A writ of mandamus will not be granted to compel the performance of a duty which respondent has already discharged. *Monongalia Improvement Co. v. Morris,* 106 W. Va. 243, 145 S.E. 387; *State ex rel Beckley Newspapers Corp. v. Hunter,* 127 W. Va. 738, 34 S. E. 2d 468. The questions involved in the present status of this case are dealt with in 1 M.J., Appeal and Error, §220, wherein it is stated: "Courts do not sit to determine moot questions. It is not the office of courts to give opinions on abstract propositions of law, or to decide questions upon which no rights depend, and where no relief can be afforded."

It has been consistently held that courts will not ordinarily decide a moot question. See *Tynes v. Shore,* 117 W. Va. 355, 185 S. E. 845; *State ex rel Clayton v. Neal,* 122 W. Va. 501, 504, 11 S. E. 2d 109. It is only where some controverted rights of persons or of property are also involved that courts will decide cases involving moot questions. *State ex rel Westenhaver v. Lambert,* 52 W. Va. 248, 43 S. E. 176; *Wyckoff v. Painter,* 145 W. Va. 310, 115 S. E. 2d 80.

The petitioner cites the case of *Griffith v. Mercer County Court,* 80 W. Va. 410, 92 S. E. 676, to support his contention that this Court should decide the constitutional questions involved. The *Griffith* case is entirely different from the case at bar and is not authority for the contention urged by petitioner for this Court to decide the constitutional questions. In the *Griffith* case the petitioner was not a party to the election contest case decided by the county court and the petitioner in that case did not and could not get the relief prayed for in his petition for mandamus in this Court in the election contest case decided by the county court, which was appealed to the circuit court. That case was decided by this Court, giving the petitioner the relief he prayed for by granting the writ of man-

damus, holding him qualified and admitting him to the office of member of the County Court of Mercer County. In the case presented here, the petitioner has already received the relief prayed for by his being admitted to the office of County Commissioner by the decision of the Board of Commissioners of Ohio County in the election contest case.

In answer to the request of the attorneys for the petitioner, and the respondent McKee, regarding their contention that this Court should decide the constitutional questions presented by them, it has been consistently held in cases of this kind that courts will not pass on the constitutionality of a statute unless such a decision is necessary for the determination of the case. See *State v. Heston,* 137 W. Va. 375, 406, 71 S. E. 2d 481, and cases cited therein.

The case of *Gregory v. Hubard,* 123 Virginia 510, 96 S. E. 775, is quite similar to the instant case and clearly indicates that the writ should be denied. In that case it was held that where a petitioner in a mandamus proceeding to compel the town council to admit him as a member of said council had already been admitted to office by said council, the object of the petition had been accomplished, and the writ was refused.

For the reasons enunciated herein, the writ is denied.

*Writ denied.*