STATE OF WEST VIRGINIA, EX REL.,

JOHN J. DURKIN, ET AL.

*v.*

MARY L. NEELY, CLERK, *etc.*

*v.*

GEORGE MALOTT, MAYOR, ET AL.,

INTERVENORS

(No. 14503)

Decided March 17, 1981.

*Wood, Grimm & Delp and John F. Wood, Jr.*, for plaintiff in error.

*Charles F. Albright* for defendant in error.

*Marshall & St. Clair and William D. Levine* for intervenors.

McHugh, Justice:

This is a petition for an appeal by the relators, John J. Durkin, et al., citizens and taxpayers of the City of Huntington, West Virginia, from a final order of the Circuit Court of Cabell County, entered October 5, 1978, refusing to issue a writ of mandamus to require the respondent, Mary L. Neely, Clerk of the City of Huntington, to certify the sufficiency of a petition to recall certain members of the City Council of Huntington.

On June 21, 1978, the relators filed with the respondent a petition requesting an election to recall certain members of the city council. The petition contained the signatures of 11,961 persons. Section XIII-12 of the Charter of the City of Huntington provides, in pertinent part: "The qualified electors shall have the power to recall any member of council . . . by filing with the city clerk a petition signed by qualified electors of the city equal in number to at least thirty per centum of the registered voters at the last general municipal election." The respondent determined that 8,178 signatures on the petition were invalid for several reasons, including, among others, "Not registered," "Signature not same as on Registration Books," and "Not signed by a 'Qualified Voter' ." On July 13, 1978,

the respondent certified that the petition was insufficient because it did not contain the number of valid signatures required by Section XIII-12 of the City Charter.

On July 17, 1978, the relators filed a petition for a writ of mandamus in the Circuit Court of Cabell County to compel the respondent to certify that the recall petition contained a sufficient number of signatures to cause a recall election. The respondent filed an answer to the petition which raised several defenses, including, among others, that the petition did not contain a sufficient number of signatures of qualified voters. On August 4, 1978, the circuit court permitted certain officials of the City of Huntington, and certain taxpayers residing in that city, to intervene in the mandamus action. The intervenors answered the petition, raising fourteen affirmative defenses. By an order entered on October 5, 1978, the circuit court denied the relators' petition finding that the respondent had not acted in an arbitrary, capricious or fraudulent manner, nor from a misapprehension of the law, in disqualifying the contested 8,178 signatures.

The relators then filed a petition for an appeal with this Court on April 18, 1979. The relators claim that they have a clear legal right to the relief sought in the mandamus proceeding and that, therefore, the circuit court's denial of the writ was error. The relators argue that the respondent failed to act in the time allowed for certification of the petition by the city charter and that, therefore, she was without jurisdiction to certify the petition as insufficient. The relators also assert that the respondent's determination that the 8,178 signatures were not valid was unlawful, wrongful, capricious, and fraudulant. The respondent argues that her actions in certifying the petition to be insufficient were not arbitrary, capricious, nor based on a misapprehension of the law. The intervenors argue that the clerks's action was valid and, additionally, that the recall petition was void for failure to comply with applicable law; that the court is without jurisdiction in the case; and that the recall provisions of the Charter of the City of Huntington are unconstitutional.

This Court granted the appeal on April 26, 1979. The record was filed in the office of the Clerk of this Court on December 8, 1980, and the case was set for argument on February 10, 1981. On February 2, 1981, the respondent filed a motion to dismiss the appeal, arguing that the case was moot. The intervenors made a similar motion on February 3, 1981. The relators argue that the case is not moot because the Court may order certification of the petition regardless of whether a special election would then be required to be held. The respondent, and the intervenors, contend that the fact that a special recall election cannot be held now, regardless of whether this Court orders certification of the petition as sufficient, renders the case moot. We agree.

Section XIII-13 of the Charter of the City of Huntington provides, in pertinent part, that the "council shall cause a special election to be held in not less than forty-five days nor more than ninety days from the date of such certification [of the recall petition] unless the general municipal election shall occur within one hundred twenty days from such date." The next scheduled general municipal election in the City of Huntington will be held on June 2, 1981. Huntington, W.Va., Charter § XII-8 (1965). Hence, the last day on which certification of the petition as sufficient would have resulted in a special election was February 1, 1981. It is agreed by the parties in this case that it is too late for a recall election to be held.

The relators argue that the fact that an election cannot now be held does not moot the case because they have not asked that an election be ordered but only that we order certification of the petition. Such action by this Court would have no effective result other than to vindicate the arguments advanced by the relators. This is not enough to render the case justiciable. The law on this point is well settled in West Virginia. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property are not properly cognizable by a court." *State ex rel. Capitol Business Equipment, Inc. v. Gates,* 155 W.Va. 260, 180 S.E.2d 865 (1971); *State ex rel. Titus v. Marsh,* 150

W.Va. 143, 144 S.E.2d 433 (1965); *Orwasky v. Chuma*, 148 W.Va. 349, 135 S.E.2d 248 (1964); Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).

The purpose of certifying a recall petition as sufficient is to require an election on the question of whether the officials subject to the petition should retain their office. *W.Va. Code*, § 8-12-4(3); Huntington, W.Va., Charter §§ XIII-12 & XIII-13. An order by this Court at this late date to compel certification of the petition as sufficient would not have that result; indeed, it would accomplish nothing whatsoever. Regardless of what this Court does the citizens of the City of Huntington will have the chance to vote for or against candidates for the council on June 2, 1981.

If, pending an appeal to an order denying a writ of mandamus to require a clerk of a municipality to certify the sufficiency of a petition to recall certain members of a city council at a special election, and the city charter requires the council to cause such special election to be held "unless the general municipal election shall occur within one hundred twenty days from" the date the petition is certified as sufficient, and the next general municipal election is scheduled within one hundred twenty days when the case is heard, the appeal will be dismissed. Under Section XIII-13 of the Charter of the City of Huntington no further action would be required even if the recall petition is now certified as sufficient. An order compelling such certification, therefore, would avail nothing in this case.

Based upon all of the above, the relator's appeal is dismissed.

*Appeal dismissed.*