575 S.E.2d 297

George P. VELOGOL and Anthony
Iaquinta, Plaintiffs Below,
Appellants,

v.

CITY OF WEIRTON, Defendant
Below, Appellee.

No. 30531.

Supreme Court of Appeals of
West Virginia.

Submitted Oct. 8, 2002.

Decided Dec. 3, 2002.

Marc B. Chernenko, Esq., William E. Watson & Associates, Wellsburg, and Ralph G. Barone, Esq., Weirton, for Appellants.

William T. Fahey, Esq., Fahey & Risovich Law Office, Weirton, for Appellee.

PER CURIAM.

This case is before this Court upon appeal of a final order of the Circuit Court of Brooke County entered on August 31, 2001. In that order, the circuit court upheld an ordinance adopted by the City of Weirton, the appellee and defendant below, which authorized and established a police and fire service fee. In this appeal, George P. Velogol and Anthony Iaquinta, the appellants and plaintiffs below, contend that the ordinance was not enacted in accordance with W.Va. Code § 8–13–13 (1971).[1] They also assert that the ordinance improperly imposes a user fee upon non-users of police and fire service. Finally, the appellants claim that the rate classifications in the ordinance are unreasonable and discriminatory.

This Court has before it the petition for appeal, the designated record, and the briefs and argument of counsel. For the reasons

---

1. W.Va.Code § 8–13–13 authorizes special charges for municipal services through enactment of ordinances by municipalities. The stat- ute also sets forth the publication requirements for the enactment of such ordinances.

set forth below, we find that the issues before us are now moot, and therefore, we dismiss the appeal.

## I.

## FACTS

The appellants, George Velogol and Anthony Iaquinta, reside in the City of Weirton, West Virginia. On September 19, 2000, the appellants filed this declaratory judgment action in the Circuit Court of Brooke County alleging that Weirton City Ordinance 1288 is invalid on both procedural and substantive grounds. Ordinance 1288, which was adopted by the City of Weirton on June 29, 2000, imposed a fire and police service fee.

The appellants alleged that Ordinance 1288 was not adopted in accordance with W.Va. Code § 8–13–13 and, therefore, was invalid. In addition, the appellants asserted that the ordinance improperly imposed the service fee upon a classification of persons not identified as "users" within the ordinance itself. The appellants further alleged that the ordinance improperly differentiated between classes of users by charging a rate to owners of churches and schools that was approximately 50% less than that charged to other property owners without providing a basis for the different rates. The appellants sought to have the ordinance repealed and requested a refund for the fees paid thereunder.

The circuit court held an evidentiary hearing in July 2001. On August 31, 2001, the circuit court entered its final order which upheld the ordinance. This appeal followed.

While this appeal was pending before this Court, the City of Weirton amended and reenacted the ordinance at issue in this case. Consequently, the City filed a motion to dismiss the appeal as moot approximately one week before oral argument in this case. The appellants opposed the motion. We held the motion to dismiss in abeyance and allowed the parties to go forward with oral argument on October 8, 2002.

2. W.Va.Code § 8–13–13 provides, in pertinent part:
Notwithstanding the provisions of section four [§ 8–11–4], article eleven of this chapter, any ordinance enacted or substantially amended under the provisions of this section shall be

## II.

## DISCUSSION

As noted above, the City of Weirton has filed a motion to dismiss this appeal. The City of Weirton contends that the case at bar is moot because the ordinance at issue was amended and reenacted on September 9, 2002, by the Weirton City Council. The ordinance was revised so that it now defines the owners of property as users of the service and sets forth the basis for the rate differentials. Essentially, the City cured the substantive defects in the ordinance of which the appellants originally complained. In reenacting the ordinance, the City also complied with the publication requirements set forth in W.Va.Code § 8–13–13.[2]

The appellants have opposed the motion to dismiss, arguing that while the amended ordinance might have cured substantive defects, the underlying ordinance was procedurally invalid because the City initially failed to comply with the publication requirements of W.Va.Code § 8–13–13. In other words, the appellants contend that if the underlying ordinance is procedurally invalid, any amendment and reenactment designed to cure substantive defects cannot rectify the original ordinance's underlying procedural flaws. Thus, the appellants have urged this Court to deny the City's motion to dismiss and address the issues in this case regardless of whether or not they are moot.

"'Courts will not ordinarily decide a moot question.' Pt. 1, syllabus, *Tynes v. Shore*, 117 W.Va. 355 [185 S.E. 845] [(1936)]." Syllabus Point 1, *State ex rel. Hedrick v. Board of Comm'rs of County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73 (1961). In Syllabus Point 1 of *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981), this Court held that:

"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court." Syllabus Point 1,

published as a Class II legal advertisement in compliance with the provisions of article three [§ 59–3–1 ct seq.], chapter fifty-nine of this code, and the publication area for such publication shall be such municipality.

*State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).

However, this Court has also held that:

"A case is not rendered moot even though a party to the litigation has had a change in status such that he no longer has a legally cognizable interest in the litigation or the issues have lost their adversarial vitality, if such issues are capable of repetition and yet will evade review." Syllabus point 1, *State ex rel. M.C.H. v. Kinder*, 173 W.Va. 387, 317 S.E.2d 150 (1984).

Syllabus Point 2, *State ex rel. Davis v. Vieweg*, 207 W.Va. 83, 529 S.E.2d 103 (2000).

■ Having considered the parties' arguments and having thoroughly reviewed the record in this case, we find that this appeal was rendered moot by the City's reenactment of Ordinance 1288. Consequently, it would simply be an exercise in futility for this Court to undertake an analysis of Ordinance 1288 as originally enacted. If we were to find that the ordinance was invalid either on substantive or procedural grounds, that finding would be of no consequence inasmuch as the City has already amended and reenacted the ordinance to comply with the applicable law.

We have, of course, considered the appellants' request that we address the issues presented in this appeal regardless of whether or not they are moot. However, we decline to do so because this Court heretofore has found fees similar to the one at issue in this case do not violate our constitution.[3] *Dean v. Town of Addison*, 207 W.Va. 538, 542, 534 S.E.2d 403, 407 (2000). *Accord, City of Huntington v. Bacon*, 196 W.Va. 457, 473 S.E.2d 743 (1996) (upholding ordinance imposing fee for the sole purpose of defraying the cost of fire and flood protection services as a user fee rather than a tax and, there-

fore, finding no violation of the Tax Limitation Amendment found in W.Va. Const. Art. X, § 1); *City of Princeton v. Stamper*, 195 W.Va. 685, 466 S.E.2d 536 (1995) (approving ordinance imposing fee on the collection and removal of residential refuse regardless of actual use as a reasonable and valid exercise of the police powers granted to the City of Princeton under W.Va.Code, 8–13–13 (1971)); *Ellison v. City of Parkersburg*, 168 W.Va. 468, 284 S.E.2d 903 (1981) (finding ordinance imposing fee for solid waste collection and disposal service per residential unit does not exceed the grant of authority given to municipalities by W.Va.Code, 8–13–13 (1971)).

Accordingly, for the reasons set forth above, this appeal is dismissed as moot.

Appeal dismissed.

---

**3.** We note that during oral argument, the appellants argued that the City should be required to refund the fees paid under the original ordinance. The appellants pointed out that the amended ordinance was made retroactive to July 1, 2000, so that the City would not have to refund the fees collected under the original ordinance. Generally, "there is no rule against retroactive municipal legislation unless it interferes with contract or vested rights." McQuillan, *The Law of Municipal Corporations* § 20.70 (3d ed.1998). Moreover, it is well-established that "some retrospective effect is not necessarily fatal

to a revenue law." *United States v. Hemme*, 476 U.S. 558, 568, 106 S.Ct. 2071, 2077, 90 L.Ed.2d 538, 548 (1986). Retroactive revenue legislation is valid unless it reaches so far into the past as to constitute deprivation of property without due process. *Id.*, *See also United States v. Darusmont*, 449 U.S. 292, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981); *Welch v. Henry*, 305 U.S. 134, 59 S.Ct. 121, 83 L.Ed. 87 (1938). Given the circumstances of this case, we are unable to find that the imposition of the special fee under the amended ordinance transgresses the constitutional limitation.