# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Beckley Automotive, Inc.,
a West Virginia corporation,
Defendant Below, Petitioner

**FILED**

February 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-0163 (Raleigh County 10-C-699)

RJL, Inc., a West Virginia
corporation, Plaintiff Below,
Respondent

## MEMORANDUM DECISION

Petitioner Beckley Automotive, Inc., by counsel Charles S. Piccirillo and Benjamin M. Mishoe, appeals the final order, entered on December 29, 2011, of the Circuit Court of Raleigh County "permanently and absolutely enjoin[ing] . . . the [petitioner's] use of the trade name 'Beckley Honda' or the use of any other trade name which contains in it the phrase 'Beckley Honda.' " Respondent RJL, Inc., by counsel James R. Sheatsley, filed a response, to which the petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The genesis of this dispute is the petitioner's 2009 entry into the automotive sales market under the trade name "Beckley Honda." Unfortunately, the respondent had already been operating under the name "Beckley Honda" in the same area since 1989, albeit to sell and service all-terrain vehicles, generators, water pumps, and lawn and garden equipment. Though the two businesses were not in competition, the respondent, as the plaintiff below, convinced the lower court in a bench trial that it had fallen victim to "general public confusion detrimental to [its] business interests . . . ."

The respondent argues on appeal that the question of the propriety of the lower court's injunction is now moot because, after the entry of the final order, which granted injunctive relief only, the petitioner sold its automotive sales business. The respondent explains that a different owner now operates the establishment under a dissimilar trade name. The petitioner concedes in reply that the automobile dealership was sold, but disputes the mootness of the matter.

1

" 'Courts will not ordinarily decide a moot question.' Pt. 1, syllabus, *Tynes v. Shore*, 117 W.Va. 355 [185 S.E. 845] [(1936)]. Syllabus Point 1, *State ex rel. Hedrick v. Board of Comm'rs of County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73 (1961)." Syl. Pt. 1, *Velogol v. City of Weirton*, 212 W.Va. 687, 575 S.E.2d 297 (2002). " ' "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court." Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).' Syllabus Point 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981)" Syl. Pt. 2, *Velogol*.

Rendering a decision in this controversy would yield no benefit to either party. The petitioner no longer functions under the disputed moniker, and has apprised the Court of no interest in any venture by which it may wish to be known as "Beckley Honda." The petitioner's successor began operating under its own unique trade name at the time of purchase. There is now but one Beckley Honda, and further review is needless.

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed as moot.


**ISSUED:** February 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II