# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Panda Springs, LLC,**
**Plaintiff Below, Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1786** (Morgan County 05-C-26)

**Wayside, LLC,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Panda Springs, LLC, by counsel Jason P. Foster, appeals the final order of the Circuit Court of Morgan County, entered December 9, 2011, dismissing the action with prejudice. The respondent, Wayside, LLC, appears by counsel E. Taylor George.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The complaint initiating this action was filed on March 11, 2005. It alleges several causes of action related to a sewage easement on what is called the Panda Springs property. On appeal, the petitioner argues that the circuit court erred when it improperly "extended" the easement from one parcel of land to another non-adjacent parcel, both owned by the respondent. Early in the protracted litigation, the circuit court entered, on July 18, 2006, an "Order Declaring the Rights of the Parties." In that order, the court explained that, in 2004, the respondent had installed a sewage pipe beginning at its own occupied building, crossing the Panda Springs property, and ending at a modern filtration system on the respondent's property.[1] The terminal point was more than 100 feet from the occupied building. The court found that the respondent's use of the easement comported with the terms of the original deed, and it ordered the case dismissed from its docket.[2] On October 30, 2006, the trial court amended its judgment to reflect

---

[1]The court noted, though the petitioner now disputes, that prior owners had extended a pipe to a septic tank on the easement, and that the septic tank distributed into fill lines on what is now the second Wayside parcel. The court determined that Wayside's "new construction rectified the problem of having the septic line improperly extending off the septic easement across the corner" of the Panda Springs property.

[2] The complaint named a second defendant, Wayside Market, LLC, that is not a party to this appeal.

1

that some issues were not resolved by its order, and stated that adjudication of those issues would proceed.

It appears from the record that the respondent lost all interest in the subject property through foreclosure sale in 2008. Accordingly, by order entered May 13, 2011, the circuit court granted, in part, the respondent's renewed motion for summary judgment, denying all requests for injunctions, specific performance or prospective relief, inasmuch as "the [respondents] no longer have any ownership or control over the real property which is the subject of this action." The court ordered that the case proceed on the question of monetary damages alone. However, by order dated November 14, 2011, the circuit court granted the petitioner's "Motion for Voluntary Dismissal of Remaining Claims." According to the petitioner's motion, those included claims for property damage caused by the sewage pipe installation. Soon thereafter, on December 9, 2011, the circuit court entered the dismissal order that is the subject of this appeal.

"'Courts will not ordinarily decide a moot question.' Pt. 1, syllabus, *Tynes v. Shore*, 117 W.Va. 355 [185 S.E. 845] [(1936)]. Syllabus Point 1, *State ex rel. Hedrick v. Board of Comm'rs of County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73 (1961)." Syl. Pt. 1, *Velogol v. City of Weirton*, 212 W.Va. 687, 575 S.E.2d 297 (2002). "'"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court." Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).' Syllabus Point 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981)" Syl. Pt. 2, *Velogol*.

Inasmuch as the circuit court found—and the petitioner has not disputed—that the respondent lost its interest in the subject property in 2008, the rendering of a decision in this controversy would yield no benefit to either party. The petitioner instituted this civil action seeking to quiet title to the easement, but the respondent is no longer a beneficiary of the grant of that easement. Furthermore, the respondent is no longer in a position to alter the sewage system that touches not only the Panda Springs property, but also two parcels now owned by an unidentified party or parties. The petitioner voluntarily dismissed any claims for damage to its property, and further review is not required by this Court.

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed as moot.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II