# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**AA RV, Inc.,**
**Plaintiff Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0478** (Berkeley County 11-C-498)

**William Nalls and Nationwide**
**Mutual Insurance Company,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner AA RV, Inc., by counsel Paul G. Taylor, appeals the order of the Circuit Court of Berkeley County, entered January 6, 2012, that granted respondents' motion to dismiss. Respondent William Nalls appears by counsel Michael D. Lorensen, and Respondent Nationwide Mutual Insurance Company appears by counsel Tammy R. Harvey and Amanda J. Gardner.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 23, 2011, Roger Brown, president of AA RV, Inc., filed on behalf of petitioner a complaint alleging that Respondent Nalls, a Nationwide insured, rented a recreational vehicle from petitioner on June 13, 2009, and returned the vehicle in a damaged condition nine days later. Mr. Brown is not an attorney. Without obtaining leave of court, petitioner filed its amended complaint, signed by a West Virginia-licensed attorney, on November 4, 2011, together with a notice of appearance of counsel. Respondents jointly filed a motion to dismiss on November 14, 2011.

Following our long-held view that "in legal matters [a corporation] must act through duly licensed attorneys[,]" the circuit court granted the motion to dismiss by order entered January 6, 2012. *See West Virginia State Bar v. Earley*, 144 W.Va. 504, 526-27, 109 S.E.2d 420, 435 (1959). The court incorrectly stated that no West Virginia-licensed attorney had entered an appearance or filed any pleading on behalf of petitioner, and it struck all documents filed under the signature of Mr. Brown. The court gave petitioner thirty days to retain counsel and file a new civil action. Petitioner subsequently filed a motion to alter or amend the order of dismissal pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. The motion was denied by order entered March 7, 2012. The court acknowledged that its January 6th order mistakenly stated

1

that no attorney had made an appearance on behalf of petitioner, but wrote that its mistake was of no effect, because the complaint that initiated the action was not signed by an attorney and thus was invalid and not subject to amendment as a matter of law.

In its brief filed with this Court, Respondent Nationwide represented that petitioner filed, by a duly-licensed attorney, a second complaint in the Circuit Court of Berkeley County on March 16, 2012, setting forth the same claims that were contained in the earlier-filed complaint. Petitioner has not disputed this fact.

"'Courts will not ordinarily decide a moot question.' Pt. 1, syllabus, *Tynes v. Shore*, 117 W.Va. 355 [185 S.E. 845] [(1936)]. Syllabus Point 1, *State ex rel. Hedrick v. Board of Comm'rs of County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73 (1961)." Syl. Pt. 1, *Velogol v. City of Weirton*, 212 W.Va. 687, 575 S.E.2d 297 (2002). "'"Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or property are not properly cognizable by a court." Syllabus Point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).' Syllabus Point 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981)" Syl. Pt. 2, *Velogol*.

Inasmuch as the petitioner has been permitted to pursue its claims against respondents through the filing of the second complaint, we do not believe that the rendering of a decision in this matter would prove beneficial. The trial court afforded petitioner the opportunity to file a cognizable complaint. Having done so, petitioner has suffered no apparent harm.

For the foregoing reasons, we dismiss this appeal as moot.

Dismissed as moot.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II