# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-1159** (Fayette County 01-F-108)

**Orville Massey Jr., Defendant Below,**
**Petitioner**

**FILED**

November 24, 2014
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Orville Massey Jr., *pro se*, appeals the Circuit Court of Fayette County's October 22, 2013, order denying his "Motion for Correction of Sentence." The State of West Virginia, by counsel Christopher Dodrill, filed a response, to which petitioner filed a reply. On appeal, petitioner argues that (1) the circuit court erred in finding that his motion was untimely; (2) the circuit court erroneously relied on his election of sentencing; and (3) the provisions West Virginia Code § 2-2-8 were not available to him at his sentencing.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2001, petitioner was indicted on 106 counts of rape in violation of West Virginia Code § 61-2-15 (Repealed), 86 counts of third degree sexual assault in violation of West Virginia Code § 61-8B-5, and 48 counts of second degree sexual assault in violation of West Virginia Code § 61-8B-4. These acts occurred between January of 1972 and December of 1981.[2] Prior to trial, the State dismissed the first thirty-four counts of the indictment for lack of jurisdiction because those events allegedly occurred while petitioner lived in Georgia.

---

[1]Petitioner argues that the doctrine of plain error applies to all of his assignments of error.

[2]In 1976, the West Virginia Legislature enacted article 8B, chapter 61, of the Code, entitled "Sexual Offenses." The Sexual Offenses Act included the felony offenses of first, second and third degree sexual assault and various definitions. In enacting article 8B, a number of prior, related provisions were repealed, including West Virginia Code § 61–2–15, which addressed the crime of "rape." Although subsequently amended, the section concerning first degree sexual assault relevant to the case now before us was found in West Virginia Code § 61–8B–3 (1976).

In February of 2002, a jury found petitioner guilty of 14 counts of first degree sexual assault in violation of West Virginia Code § 61-8B-3(a), 86 counts of third degree sexual assault in violation of West Virginia Code § 61-8B-5(a), and 48 counts of second degree sexual assault in violation of West Virginia Code § 61-8B-4. Prior to petitioner's sentencing hearing, he filed an election of sentencing pursuant to West Virginia Code § 2-2-8,[3] as follows: (1) for Counts 35-48, he elected to be sentenced pursuant to the current version of West Virginia Code § 61-8B-3; (2) for Counts 49-106, he elected to be sentenced pursuant to the current version of West Virginia Code § 61-8B-5; (3) for Counts 107-192, he elected to be sentenced pursuant to the former version of West Virginia Code § 61-8B-5, which was in effect at the time of the alleged offenses;[4] and (4) for Counts 193-240, he elected to be sentenced pursuant to the former version of West Virginia Code § 61-8B-4, which was in effect at the time of the alleged offenses.

Thereafter, the circuit court sentenced petitioner to a term of incarceration of fifteen to thirty-five years for each conviction in Counts 35-48; one to five years for each conviction in Counts 49-106; one to five years for each conviction in Counts 107-192; and five to ten years for each conviction in Counts 193-240. The circuit court ordered that each conviction within each group was to run concurrently to one another, while each of the four groups of concurrent sentences were to be served consecutively to one another.

By order entered on May 10, 2005, the circuit court resentenced petitioner so that he could file a direct appeal.[5] In April of 2013, petitioner filed a "Motion for Correction of Sentence," in which he argued that his individual sentences of fifteen to thirty-five years for counts 35-48 should be reduced to ten to twenty years. In support of his motion, petitioner stated that he should have been sentenced pursuant to the 1976 version West Virginia Code § 61-8B-3, not the 2000 version, which was in effect at the time of his sentencing. By order entered on October 22, 2013, the circuit court held that petitioner's motion was untimely because it was not filed within 120 days of sentencing pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court also held that petitioner was properly sentenced according to his election of sentencing and the applicable law. It is from this order that petitioner now appeals.

---

[3]West Virginia Code § 2-2-8 states that

> [t]he repeal of a law, or its expiration by virtue of any provision contained therein, shall not affect any offense committed, or penalty or punishment incurred, before the repeal took effect, or the law expired, save only that the proceedings thereafter had shall conform as far as practicable to the laws in force at the time such proceedings take place, unless otherwise specially provided; and that if any penalty or punishment be mitigated by the new law, such new law may, with the consent of the party affected thereby, be applied to any judgment pronounced after it has taken effect.

[4]The penalties in effect at the time of the alleged offenses and the current penalties in the subsequent amendments are the same.

[5]This Court refused petitioner's direct appeal by order entered on January 11, 2006.

On appeal, petitioner alleges three assignments of error. First, petitioner challenges the circuit court's order denying his "Motion for Correction of Sentence," filed pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure, as untimely. For Rule 35 motions, we apply the following standard of review:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl., *State v. Allen*, 224 W.Va. 444, 686 S.E.2d 226 (2009).

Petitioner argues that it was plain error for the circuit court to reclassify his motion as one filed pursuant to Rule 35(b) when it was filed pursuant to Rule 35(a). While the circuit court reclassified petitioner's motion as a Rule 35(b) motion, petitioner's argument is moot because the circuit court also ruled on his substantive arguments. "'Courts will not ordinarily decide a moot question.' Pt. 1, syllabus, *Tynes v. Shore*, 117 W.Va. 355 [185 S.E. 845] [(1936)]. Syllabus Point 1, *State ex rel. Hedrick v. Board of Comm'rs of County of Ohio*, 146 W.Va. 79, 118 S.E.2d 73 (1961)." Syl. Pt. 1, *Velogol v. City of Weirton*, 212 W.Va. 687, 575 S.E.2d 297 (2002).

Petitioner's second and third assignments of error are substantially related and will be addressed together. Petitioner alleges that it was plain error for the circuit court to conclude that "the provisions of West Virginia Code § 2-2-8 were not lawfully available to [petitioner] at the time of sentencing." Petitioner also argues that West Virginia Code § 2-2-8 entitles him to choose whether he wants to be sentenced for Counts 35-48 of the indictment under West Virginia Code § 61-8B-3(1976), the first amendment to the statute in effect after the time of the commission of the crime, or under the subsequent revised language of West Virginia Code § 61-8B-3 (1991).[6]

This Court has stated that, "[t]o trigger application of the 'plain error' doctrine, there must be (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Syl. Pt. 7, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). While this Court agrees with petitioner's argument that the circuit court erred in finding that "the provisions of West Virginia Code § 2-2-8 were not lawfully available to [petitioner] at the time of sentencing," the circuit court in fact correctly applied West Virginia Code 2-2-8 during petitioner's sentencing. Therefore, petitioner failed to meet the plain error test because his substantial rights were not affected.

---

[6]The penalties in effect during the 1991 version of the statute and the 2000 version were the same. West Virginia Code 61-8B-3 (2000) was in effect during petitioner's sentencing.

Petitioner's argument ignores the fact that he was sentenced pursuant to the clear directive of West Virginia Code § 2-2-8, which states in part, "that if any penalty or punishment be mitigated by the new law, such new law may, with the consent of the party affected thereby, be applied to any judgment pronounced after it has taken effect." Here, petitioner was initially charged on Counts 35-48 pursuant to West Virginia Code § 61-2-15 (Repealed), which carried a potential penalty of life imprisonment. Importantly, petitioner was convicted in 2002, during which time the applicable statute in effect provided for a term of incarceration of fifteen to thirty-five years. *See* West Virginia Code § 61-8B-3 (2000). Therefore, pursuant to the clear directive of West Virginia Code § 2-2-8, petitioner was entitled to elect his sentence between West Virginia Code § 61-2-15 (Repealed), and West Virginia Code § 61-8B-3 (2000). The record on appeal is clear that petitioner elected to be sentenced pursuant to West Virginia Code § 61-8B-3 (2000), which was in effect at the time of his conviction. Furthermore, the record is clear that petitioner was fully advised of his right to elect and that he was given the opportunity to exercise that right. *See* Syl. Pt. 3, *State ex rel. Arbogast v. Mohn*, 164 W.Va. 6, 260 S.E.2d 820 (1979) ("When a criminal defendant is entitled to elect the law under which he is to be sentenced, it must appear on the record that he has been fully advised of his right to elect and he must be given an opportunity to exercise that right by the court."). For these reasons, we find no error.

For the foregoing reasons, the circuit court's October 22, 2013, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: November 24, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4