**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Gregory Dean Miller,**
**Petitioner Below, Petitioner**

**FILED**

January 30, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0481** (Kanawha County 14-P-156)

**Patrick A. Mirandy, Warden, St. Mary's Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Gregory Dean Miller, appearing *pro se*, appeals the April 29, 2014, order of the Circuit Court of Kanawha County that denied his petition for writ of habeas corpus. Respondent warden, by counsel Julie A. Warren, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal is moot. For these reasons, a memorandum decision dismissing this case is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner pled guilty to domestic assault, third offense, on June 4, 2012. On July 25, 2012, the circuit court (1) sentenced petitioner to one to five years in prison; (2) directed that petitioner's sentence was concurrent to a sentence he was already serving; and (3) gave petitioner forty-one days credit for time served. On March 27, 2014, petitioner filed a petition for writ of habeas corpus alleging that the circuit court erred in giving him only forty-one days credit for time served instead of the 224 days to which he claimed he was entitled. The circuit court denied the petition on April 29, 2014. Petitioner appealed the circuit court's April 29, 2014, order on May 20, 2014. During the pendency of petitioner's appeal, he achieved his discharge date on December 14, 2014.

On appeal, the parties address the merits of petitioner's claim to additional credit for time served. However, we have no need to reach the merits. "Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 4, *Cline v. Mirandy*, __ W.Va. __, __ S.E.2d __, 2014 WL 5800682, at *1 (November 3, 2014) (quoting Syl. Pt. 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981)). Petitioner was discharged from custody on December 14, 2014. Therefore, we find that this case has been rendered moot. *See Cline*, 2014 WL 5800682, at *7 (habeas petition is rendered moot when petitioner is no longer incarcerated).[1] Accordingly, we dismiss petitioner's appeal as moot.

---

[1] In *Cline*, we settled the question of whether parolees in the state penal system may file habeas petitions by holding that they may not. *See* Syl. Pt. 3, __ W.Va. __, __ S.E.2d __, 2014 WL 5800682, at *1.

1

Dismissed as moot.

**ISSUED:** January 30, 2015

**CONCURRED IN BY:**

**Chief Justice Margaret L. Workman**
**Justice Robin Jean Davis**
**Justice Brent D. Benjamin**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry**

2