No. 21-0991 –*Everett Frazier, Commissioner, West Virginia Division of Motor Vehicles v. Steve Briscoe*

**FILED**
**June 15, 2023**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, concurring:

I agree with the majority's ultimate decision to affirm the circuit court's order rescinding Mr. Briscoe's license revocations[1] and reinstating his driver's license. However, I do not think it is necessary to consider the constitutionality of Mr. Briscoe's arrest to reach this result. Instead, I would have reinstated Mr. Briscoe's driver's license based on the DMV's failure to prove, by a preponderance of the evidence, that Mr. Briscoe drove a motor vehicle while he was under the influence of alcohol. *See generally Frazier v. Gaither*, No. 21-0726, 2023 WL 3992034, ___ W. Va. ___, ___ S.E.2d ___ (W. Va. June

---

[1] I refer to Mr. Briscoe's revocations plurally because the DMV entered two orders administratively revoking Mr. Briscoe's driver's license that are at issue in Case Number 21-0991, in which I concur with the majority's opinion: one order revoked Mr. Briscoe's driver's license for "driving a motor vehicle . . . in West Virginia while under the influence of alcohol, controlled substances, drugs or a combination of those," and one order revoked his license for "refus[ing] to submit to the secondary chemical test finally designated." The DMV entered both of these revocation orders on December 11, 2019.

Case Number 21-0990, in which I dissent from the majority's opinion, involves a separate, third DMV order suspending Mr. Briscoe's driver's license for driving "while [his] license was suspended for driving under the influence." The DMV entered this order on June 24, 2021. While the DMV refers to Mr. Briscoe's sanction for driving under the influence as a suspension, the DMV entitled its December 11, 2019 administrative order pertaining to Mr. Briscoe's driving under the influence offense as a revocation. For the purposes of these appeals, though, both a revocation and a suspension have the same operative effect of prohibiting Mr. Briscoe from operating a motor vehicle while those orders are in effect.

1

14, 2023) (recognizing DMV's preponderance of the evidence burden of proof in license revocation cases).

Our longstanding precedent counsels us not to decide constitutional issues when a case can be resolved on other grounds. "Constitutional questions will not be considered and decided by this Court unless it is necessary for the determination of the case." Syl. pt. 3, *State ex rel. Hedrick v. Bd. of Comm'rs of Cnty. of Ohio*, 146 W. Va. 79, 118 S.E.2d 73 (1961). *Accord* Syl. pt. 5, *In re Tax Assessments Against Pocahontas Land Corp.*, 158 W. Va. 229, 210 S.E.2d 641 (1974) ("When it is not necessary in the decision of a case to determine a constitutional question, this Court will not consider or determine such question.").

The circuit court found that the constitutionality of Mr. Briscoe's arrest for driving under the influence was the determinative issue in deciding the validity of his license revocations, and the majority echoes that refrain in its opinion affirming the circuit court's ruling. However, this case could have been resolved more simply by considering whether the DMV proved that Mr. Briscoe drove a motor vehicle while under the influence of alcohol. Moreover, in deciding an appeal from a circuit court, this Court is not bound by the rationale relied upon by the circuit court in rendering its ruling. *See generally* Syl. pt. 3, *Barnett v. Wolfolk,* 149 W. Va. 246, 140 S.E.2d 466 (1965) ("This Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on

2

any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment.").

The record in this case supports the circuit court's rescission of Mr. Briscoe's license revocations for driving under the influence and for refusal because the DMV did not prove that Mr. Briscoe drove under the influence of alcohol. In its order reinstating Mr. Briscoe's driver's license, the circuit court noted that

> [t]here was no evidence to confirm or believe that [Mr. Briscoe] drove under the influence of alcohol. There was no evidence to support the idea that Mr. Briscoe drank before, rather than after, driving. In fact, except for a complaining domestic partner, there was no evidence that Mr. Briscoe drove at all.

The circuit court further recognized that "drinking alcohol at home is a legal activity for adults over the age of twenty-one. Therefore even if the officer smelled alcohol on Mr. Briscoe's breath, it does not establish that he drank before he drove, or whether he drove at all." Moreover, the DMV cannot base its revocation of Mr. Briscoe's driver's license solely on the results of his horizontal gaze nystagmus test. *See* Syl. pt. 3, in part, *White v. Miller*, 228 W. Va. 797, 724 S.E.2d 768 (2012) ("A driver's license to operate a motor vehicle in this State cannot be administratively revoked solely and exclusively on the results of the driver's horizontal gaze nystagmus test. Rather, additional evidence in conjunction with the horizontal gaze nystagmus test is required for revocation[.]").

In short, there is insufficient evidence that Mr. Briscoe drove his vehicle or that, if he did drive, he was under the influence of alcohol at that time. The DMV has failed to sustain its burden of proving that Mr. Briscoe's driver's license should be revoked in Case Number 21-0991. The circuit court's reinstatement order should have been affirmed on this basis without engaging in the constitutional analysis upon which the circuit court and the majority relied in reaching the same conclusion. For these reasons, I respectfully concur with the majority's opinion in this case.