**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

Herbert J. Thomas Memorial
Hospital Association, Inc., dba
Thomas Memorial Hospital and
THS Physician Partners, Inc.,
Petitioners Below, Petitioners

**vs.) No. 22-0473** (Kanawha County 21-AA-66)

West Virginia Health Care Authority and
Charleston Area Medical Center, Inc.,
Respondents Below, Respondents

## MEMORANDUM DECISION

Petitioners Herbert J. Thomas Memorial Hospital Association, Inc., dba Thomas Memorial Hospital, and THS Physician Partners, Inc. (collectively, "Thomas"), appeal the Circuit Court of Kanawha County's May 23, 2022, order dismissing as moot their petition for judicial review of the decision of the Office of Judges ("OOJ") that affirmed Respondent West Virginia Health Care Authority's ("HCA") determination that Respondent Charleston Area Medical Center, Inc.'s, ("CAMC") proposed acquisition of an existing physician practice (the "proposed acquisition") was not subject to certificate of need review.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

CAMC requested a determination from HCA that the proposed acquisition was not subject to certificate of need review. Thomas requested affected person status and intervened to oppose CAMC's request. HCA ultimately determined that the proposed acquisition was not subject to certificate of need review. Thomas sought review by the OOJ of the HCA's decision, and the OOJ affirmed. Thomas then filed a petition for judicial review in the circuit court, and the underlying decisions were stayed.

During the pendency of the proceedings before the circuit court, CAMC advised the court that it no longer intended to proceed with the proposed acquisition, and it moved to dismiss Thomas's petition for judicial review as moot. Thomas opposed dismissal, arguing, among other things, that CAMC's proposed dismissal order did not vacate the rulings of the HCA and OOJ.

---

[1] Thomas is represented by Alaina N. Crislip and Albert F. Sebok. CAMC is represented by Thomas G. Casto, Webster J. Arceneaux III, and Hannah Wright; and HCA appears by Attorney General Patrick Morrisey and Assistant Attorney General Heather A. Connolly.

1

The court granted CAMC's motion, finding that Thomas's petition was moot, but it did not vacate the decisions of the HCA or OOJ. Thomas now appeals the court's May 23, 2022, dismissal order, our review of which is de novo. *See Allegheny Country Farms, Inc. v. Huffman*, 237 W. Va. 355, 787 S.E.2d 626 (2016) (providing for a de novo standard of review of a circuit court's order dismissing an action as moot).

In its lone assignment of error, Thomas argues that the circuit court erred in failing to vacate the decisions of the HCA and OOJ—an action Thomas maintains the court was "duty bound" to take. The only decision of this Court cited in support of Thomas's argument is *West Virginia Education Ass'n v. Consolidated Public Retirement Board*, 194 W. Va. 501, 460 S.E.2d 747 (1995). In particular, Thomas points to footnote thirty-seven of that decision, which states, "When a case is considered moot, the proper course for a court is to vacate and remand with directions to dismiss the order or opinion entered." *Id.* at 515 n.37, 460 S.E.2d at 761 n.37 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)).

We determine that there is no merit to Thomas's argument. It is well settled that points of law are articulated in syllabus points, not footnotes. Syl. Pt. 13, *State ex rel. Med. Assurance of W. Va.., Inc. v. Recht*, 213 W. Va. 457, 583 S.E.2d 80 (2003) (quoting Syl. Pt. 2, in part, *Walker v. Doe*, 210 W. Va. 490, 558 S.E.2d 290 (2001), *overruled on other grounds by State v. McKinley*, 234 W. Va. 143, 764 S.E.2d 303 (2014)) ("[N]ew points of law . . . will be articulated through syllabus points as required by our state constitution."). And "language in a footnote generally should be considered obiter dicta, which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.'" *Id.* at 472, 583 S.E.2d at 94 (quoting *dictum*, *Black's Law Dictionary* (7th ed. 1999)). Moreover, a cursory review of this Court's opinions dismissing various appeals as moot without vacating the underlying orders or judgments undermines Thomas's claim of error. *See, e.g.*, *City of Martinsburg v. Cnty. Council of Berkeley Cnty.*, --- W. Va. ---, 880 S.E.2d 42 (2022); *Velogol v. City of Weirton*, 212 W. Va. 687, 575 S.E.2d 297 (2002); *Gallery v. W. Va. Secondary Schs. Activities Comm'n*, 205 W. Va. 364, 518 S.E.2d 368 (1999). Too, *Munsingwear* itself—the case cited by this Court in the footnote relied upon by Thomas— cited cases that deviated from the practice. 340 U.S. at 39 n.2. Consequently, we find that Thomas has simply failed to carry its burden of demonstrating error below. *See* Syl. Pt. 5, in part, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966) ("An appellant must carry the burden of showing error in the judgment of which he complains.").

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn