# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 15-0181** (Jackson County 14-F-59)

**J.N. Sr.,**
**Defendant Below, Petitioner**

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J.N. Sr., by counsel Kevin B. Postalwait, appeals the Circuit Court of Jackson County's February 3, 2014, order sentencing him to consecutive terms of incarceration of ten to twenty years for one count of sexual abuse by a custodian and five to fifteen years for one count of incest.[1] The State of West Virginia, by counsel Laura Young and Jeremiah D. Frost,[2] filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court (1) abused its discretion by sentencing him to consecutive sentences and (2) violated his right to freedom from cruel and unusual punishment, under Article III, Section 5 of the West Virginia Constitution, by sentencing him to incarceration given his serious medical conditions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, the Jackson County Grand Jury indicted petitioner on eighteen felony and misdemeanor charges including second-degree sexual assault, first-degree sexual abuse, sexual abuse by a custodian, incest, domestic assault, and failure to register as a sex offender. The indictment alleged that the victims of petitioner's assault/abuse were two of his granddaughters, who were both under the age of sixteen years at the time of the charged offenses.

---

[1]As this case involves children victims related to petitioner, we refer to petitioner by his initials pursuant to Rule 40(e) of the Rules of Appellate Procedure.

[2]At the time of the filing of the State's response, Mr. Frost was a law student clerk with the Office of the West Virginia Attorney General who was provisionally admitted to practice law in this State pursuant to Rule 10 of the West Virginia Rules for Admission to the Practice of Law.

1

In December of 2014, petitioner agreed to plead guilty to one count of sexual abuse by a custodian, in violation of West Virginia Code § 61-8D-5, and one count of incest, in violation of West Virginia Code § 61-8-12. In exchange for his guilty plea, the State agreed to dismiss the remaining counts in the indictment, but the State retained its right to speak freely as to petitioner's sentence.[3] Thereafter, as part of the presentence investigation report for sentencing, petitioner completed a Level of Service/Case Management Inventory ("LS/CMI") evaluation that found, inter alia, that petitioner had medium risk/need level with a twenty-three percent chance of recidivism.[4]

In February of 2015, the circuit court held a sentencing hearing. Petitioner argued for either alternative sentencing or concurrent prison terms, citing his medium risk assessment in the psychological evaluation. The State, on the other hand, requested consecutive prison terms for these "heinous crimes." By order entered on February 3, 2015, the circuit court sentenced petitioner to consecutive terms of incarceration of ten to twenty years for the count of sexual abuse by a custodian and five to fifteen years for the count of incest. This appeal followed.

This Court generally "'reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). However, "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982))." Syl. Pt. 10, *State v. Payne*, 225 W .Va. 602, 694 S.E.2d 935 (2010).

On appeal, petitioner's first assignment of error is that the circuit court abused its discretion by sentencing him to consecutive sentences. Pursuant to West Virginia Code § 61-11-21, a person convicted of two or more offenses shall be confined to consecutive terms of incarceration unless the circuit court finds in its discretion to order those offenses to run

---

[3]The record on appeal indicates that petitioner has a prior conviction for sexual abuse of a child. However, the exact date or nature of that offense is unclear from the record before us. It does not appear that the State pursued a recidivism enhancement in this matter, pursuant to West Virginia Code § 61-11-18 (regarding punishment for second, third, or subsequent felony offenses).

[4]West Virginia Code § 62-12-6(a)(2) provides, in relevant part, as follows:

(a) Each probation officer shall:

. . .

(2) Conduct a standardized risk and needs assessment, using the instrument adopted by the Supreme Court of Appeals of West Virginia, for any probationer for whom an assessment has not been conducted either prior to placement on probation or by a specialized assessment officer. The results of all standardized risk and needs assessments are confidential[.]

concurrently with one another. *See also* Syl. Pt. 3, *Keith v. Leverette*, 163 W.Va. 98, 254 S.E.2d 700 (1979) (holding that "[w]hen a defendant has been convicted of two separate crimes, before sentence is pronounced for either, the trial court may, in its discretion, provide that the sentences run concurrently, and unless it does so provide, the sentences will run consecutively."). Contrary to petitioner's argument, we find no abuse of discretion in the circuit court's ruling to run his sentences consecutively. Petitioner has a criminal history that includes a similar offense to those at issue herein, and, given the nature of instant offenses, the circuit court was well within its discretion to deny petitioner concurrent prison time for each offense. Further, while petitioner asserts that the circuit court diverted from the medium risk assessment in the LS/CMI to impose consecutive prison terms, he cites no authority for the proposition that a circuit court is bound by the findings in the LS/CMI. As Justice Loughry explained in his concurrence to *State v. Rogers*, No. 14-0373 (W.Va. Supreme Court, January 9, 2015) (memorandum decision), "circuit judges do not have to use the results of the LS/CMI in their sentencing decisions, emphasizing that the use of the information in an LS/CMI assessment is 'entirely left to [the circuit judges'] discretion.'" (Brackets in original.) Therefore, based on the circumstances presented in this case, we find no merit to petitioner's argument.

Petitioner's final assignment of error is that the circuit court violated his right to freedom from cruel and unusual punishment, under Article III, Section 5 of the West Virginia Constitution, by sentencing him to incarceration given his serious medical conditions.[5] We have recognized that "'"[c]ertain conditions of . . . confinement may be so lacking in the area of adequate food, clothing, shelter, sanitation, medical care and personal safety as to constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution." Syllabus Point 2, *Hickson v. Kellison*, 170 W.Va. 732, 296 S.E.2d 855 (1982).' Syl. pt. 2, *Crain v. Bordenkircher*, 176 W.Va. 338, 342 S.E.2d 422 (1986)." Syl. Pt. 1, *Wilson v. Hun*, 193 W.Va. 639, 457 S.E.2d 662 (1995).

In this case, petitioner reported in his presentence interview that he has a steel plate in his head and has a history of back pain, several broken bones, and unspecified problems with his nasal passage. He also claimed in his presentence interview, and again on appeal, that he continues to suffer from blindness in one eye, "heart disease, diabetes, glaucoma, prostate cancer[,] and high blood pressure." However, petitioner fails to argue that the conditions of his confinement are lacking in medical care. While he claims that it is "unrealistic for the [Division] of Corrections to care for him adequately for the full length of his sentence[,]" particularly due to his continued decline as he ages throughout the course of his sentence, he presents no argument that his medical needs are not currently met. This Court has long held that "'"abstract propositions, the decision of which would avail nothing in the determination of controverted

---

[5]Article III, Section 5 of the West Virginia Constitution forbids the imposition of cruel and unusual punishment and disproportionate penalties:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Penalties shall be proportioned to the character and degree of the offence. No person shall be transported out of, or forced to leave the State for any offence committed within the same . . . .

rights of persons or of property, are not properly cognizable by a court." Syllabus point 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).' Syl. Pt. 1, *State ex rel. Durkin v. Neely*, 166 W.Va. 553, 276 S.E.2d 311 (1981)." Syl. Pt. 4, *Cline v. Mirandy*, 234 W.Va. 427, 765 S.E.2d 583 (2014). Further, the record on appeal provides no evidentiary support for petitioner's medical conditions beyond his self-report to the probation officer, and, notably, the record before us fails to establish that his medical conditions are not currently met or have worsened due to his incarceration. Given the circumstances of the record before this Court, we find no merit to petitioner's final assignment of error on direct appeal.

For the foregoing reasons, the circuit court's February 3, 2014, order, is hereby affirmed.

Affirmed.

**ISSUED:  November 23, 2015**

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4